STATE OF MAINE

YORK, ss.

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. CV-02-345

KATHLEEN DONNELLON,

Plaintiff

v.

**ORDER**

MAMMOTH FIRE ALARMS, INC.,
JOEL LABBE AND DOES 1 THROUGH 10,

Defendants

DONALD L. GARBRECHT
LAW LIBRARY

AUG 27 2004

Before this court is Defendant, Mammoth Fire Alarms, Inc., Joel Labbe's Motion for Summary Judgment, pursuant to Me. R. Civ. P. 56. For reasons stated below, the Motion is Granted in part and Denied in part.

## FACTS

In September 2001 Plaintiff Kathleen Donnellon and Defendant Joel Labbe met to discuss Plaintiff Donnellon's working for Defendant Mammoth Fire Alarms, Inc., where Defendant Labbe was Sales Manager. During the meeting, Defendant Labbe told Plaintiff that she would be paid $45,000 a year, that she would receive adequate training, and that she should not worry about being fired during her first year as a sales representative because of a poor sales record. Plaintiff quit her current job after the meeting.

Some time around February 2002, Plaintiff Donnellon met with Defendant Mammoth Fire Alarms, Inc. CEO and treasurer Charles Beaulieu Sr. Plaintiff Donnellon maintained she had ten years experience in fire alarms sales during their meeting. Shortly after this meeting, Labbe offered and Plaintiff accepted a job with Defendant

Mammoth Fire Alarms, Inc. at a salary of $35,000. Five months later, after complaining to Charles Beaulieu Sr. that she had not received the training she needed, Plaintiff was discharged, in a meeting where Defendant Mammoth Fire Alarms, Inc. cited her poor sales record.

Plaintiff maintains that her September 2001 discussion with Defendant Labbe created a binding oral employment contract, whose terms and conditions included adequate training and not being fired for a poor sales record in her first year. Defendant Mammoth Fire Alarms, Inc. disputes that Defendant Labbe entered a binding employment contract with Plaintiff at the September meeting. Instead, Defendant maintains that Plaintiff's employment was subject to the approval in the second meeting of Defendant Mammoth Fire Alarms, Inc. CEO Charles Beaulieu Sr., and that neither that second meeting, nor the job offer that followed, included terms and conditions regarding adequate training and not being fired in the first year for a poor sales record.

Plaintiff Donnellon sued Defendants for breach of contract, for tortuous interference with an advantageous economic relationship, and for negligent misrepresentation. Defendant's Rule 12 (b) Motion to Dismiss for lack of jurisdiction and failure to state a claim was denied. Defendant Mammoth Fire Alarms, Inc. filed a Motion for Full or Partial Summary Judgment on April 12, 2004.

Defendant Joel Labbe died in October 2003.

## DISCUSSION

In a Motion for Summary Judgment, the moving party asserts that no genuine issue of material fact exists and that judgment may be rendered as a matter of law. When reviewing a motion the court will find:

summary judgment is warranted when the statement of material facts and pleadings, depositions, answers to interrogatories, admissions on file, and affidavits, if any, cited in the statement of material facts establish that there is no genuine issues of material fact and that a party is entitled to a judgment as a matter of law.

Darling's v. Ford Motor Co., 2003 ME 21, ¶4, 817 A.2d 877, 879 (citing Me. R. Civ. P. 56(c), (h)). The Law Court has noted that summary judgment is no longer considered an extreme remedy, but a device for "judicial resolution of those matters that may be determined without fact finding." Curtis v. Porter, 2001 ME 158, ¶ 7, 784 A.2d 18, 21.

I. Breach of Contract

First, Defendant Mammoth Fire Alarms, Inc. asserts that no issue of material fact exists concerning Plaintiff's breach of contract claim because Plaintiff was an employee at will who could be terminated at any time. The Law Court has held that in Maine "it has long been the rule that a contract of employment for an indefinite length of time is terminable at the will of either party." Taliento v. Portland West Neighborhood Planning Council, 1997 ME 194, ¶ 9, 705 A.2d 696, 699, citing Larrabee v. Penobscot Frozen Foods, 486 A.2d 97, 99 (Me. 1984). The only exception to the employer's common law right to discharge an employee at will is a contract that "expressly restrict[s] [such a right] and clearly limit[s] the employer to the enumerated method or methods of terminating employment." Bard v. Bath iron Works, Corp., 590 A.2d 152, 155 (Me. 1991). Parties may make provisions in an employment contract that an employer is not free to discharge an employee "but the intent to do so must be *clearly stated.*" Taliento v. Portland West Neighborhood Planning Council, 1997 ME 194, ¶ 9, 705 A.2d 696, 699. Such a restriction cannot be implied from the employment contract. Id.

"While the interpretation of unambiguous language in a written contract falls within the province of the court, questions of fact concerning the terms of an oral

agreement are left to the trier of fact." Moulton Cavity & Mold, Inc. v. Lyn-Flex Industries, Inc., 396 A.2d 1024 (Me. 1979). Maine case law maintains that "where the existence of an oral contract is disputed or testimony as to its terms and nature is conflicting, it is for the trier of fact to ascertain and determine the nature and extent of obligations and rights of parties. Carter v. Beck, 366 A.2d 520, 522 (Me. 1976). The "intent of the contracting parties . . . in the case of an oral contract is a question of fact for the fact finder. Van Vorhees v. Dodge, 679 A.2d 1077, 1080 (Me. 1996)( citing Dehahn v. Innes, 356 A.2d 711, 716 (Me. 1976)).

The parties agree that an employment contract existed between Plaintiff and Defendant. The parties dispute whether Defendant Labbe was authorized to enter into, and did enter a binding employment contract with Plaintiff at their September meeting, or thereafter, and whether Labbe's statements (that Plaintiff would be adequately trained and would not be fired during the first year for poor sales) constitute express terms of that contract, thus expressly restricting Mammoth Fire Alarm's ability to terminate Plaintiff. [1] The parties also dispute whether Plaintiff was fired for reasons that did not breach any alleged contract terms, including that Plaintiff failed to follow through with customers.

The disputed terms of the oral employment contract between Plaintiff and Defendant are questions of fact and are material to the issue of whether Plaintiff could be terminated at will or whether her termination was a breach of her contract. Therefore summary judgment on this claim should be denied.

---

[1] Defendant has provided a March, 2002 written memorandum of Plaintiff's employment terms, which Plaintiff asserts is a fabrication and denies ever seeing or receiving.

4

## II. Statute of Frauds

Second, Defendant Mammoth Fire Alarms, Inc. asserts in the alternative, that if Plaintiff is not an employee at will for an indefinite term, her cause of action is barred by the Statute of Frauds and that Defendant is therefore entitled to summary judgment. 3 M.R.S.A. §51 (5) provides that a writing is required and no action shall be maintained in any case of "any agreement that is not to be performed within one year from the making thereof." Under Maine law, "the fact that the contract could conceivably have been performed within one year is not determinative" on the issue of whether the statute of frauds applies; "rather, the court must consider all of the factual circumstances; if the parties plainly manifested the intent that the contract was not to be performed within one year the contract falls within the statute of frauds." Roger Edwards, LLC, v. Fiddes & Sons, LTD., 245 F. Supp.2d 251, 258 (D. Me. 2003).

The parties do not dispute that an employment contract was created between Defendant and Plaintiff. The parties dispute when a contract was created, the terms of the contract, and whether Defendant Labbe's statement that Plaintiff should not worry about being fired for poor sales in the first year created a contract for a specified term. However, if a contract for a fixed term was created, it is undisputed that the term would be Plaintiff's "first year." To fall under the Statute of Frauds an oral contract must be for more than one year, and so Defendant's argument must fail.

## III. Interference With A Contractual Relationship

Defendant asserts it is entitled to summary judgment on the claim of interference with a contractual relationship. Defendant asserts that this claim is not properly directed against Mammoth Fire Alarms, Inc. Plaintiff has chosen not to respond to Defendant's assertion on this claim and is no longer claiming this cause of action in

5

subsequent responses.[2] Therefore Defendant should succeed on this claim under Me. R. Civ. P. 56(e) providing that where an adverse party does not respond, summary judgment, if appropriate, shall be entered against the adverse party.

## IV. Negligent Misrepresentation

Defendant asserts that it is entitled to summary judgment in Plaintiff's negligent misrepresentation claim because Plaintiff has presented no evidence of her reasonable reliance upon Defendant Labbe's statements that she would be trained and would not be fired in her first year on the job for her poor sales record. The Maine Law Court has adopted section 552(1) of the Restatement (Second) of Torts (1977) as the appropriate standard for negligent misrepresentation claims. Rand v. Bath Iron Works Corp., 2003 ME 122, ¶ 13, 832 A.2d 771, 774. This standard is:

> One who, in the course of his business, profession or employment, or in any other transaction in which he has a pecuniary interest, supplies false information for the guidance of others in their business transactions, is subject to liability for pecuniary loss caused to them by their justifiable reliance upon the information, if he fails to exercise reasonable care or competence in obtaining or communicating the information.

Id. The Law Court cited comments to the Restatement (Second) of Torts § 552(1) for the proposition that "liability attaches only if, when communicating the information, the defendant fails to exercise the care or competence of a reasonable person under like circumstances." Id. Unlike allegations of "fraud or deceit, the defendant's knowledge is largely immaterial for negligent misrepresentation, and the fact finder's primary task is to ascertain whether the defendant's conduct was reasonable." Id. This inquiry is a question for the fact-finder. Id.

The parties dispute whether the Plaintiff reasonably relied on Defendant Labbe's statements that she would be adequately trained and would not be fired in the first year

---

[2] This claim was asserted in the Complaint against Defendant Joel Labbe, who has since died.

for a poor sales record when she chose to work for Mammoth Fire Alarms, Inc. Defendant finds no evidence of such reliance by Plaintiff and presents no undisputed evidence that Plaintiff was unjustified in relying on Labbe's statements. Plaintiff cites evidence of Plaintiff accepting employment and Plaintiff's conduct during her six months on the job as proof of her reliance. Defendant states without more that Defendants Labbe and Mammoth Fire Alarms, Inc. exercised reasonable care and competence when communicating with Plaintiff about the terms and conditions of her employment. Plaintiff provides evidence that Defendant Labbe's representations concerning training and the importance of Plaintiff's first year sales record were untruthful, and thus were not made with care and competence. Because both issues are material to Plaintiff's claim, and rest on disputed facts, Defendant's motion on this issue should fail.

WHEREFORE, this court **GRANTS** Defendant Mammoth Fire Alarms, Inc. Motion for Summary Judgment on the claim of Interference with an Advantageous Economic Relationship and **DENIES** Defendant Mammoth Fire Alarms Inc. Motion for Summary Judgment on the claim of Breach of Contract, Negligent Misrepresentation, and Statute of Frauds.

Dated:      August 20, 2004

Guy D. Loranger, Esq. - PL
Edward J. Titcomb, Esq. - DEFS
Thornton J. Lallier, Esq. - VISITING ATTY.

G. Arthur Brennan
Justice, Superior Court

7