STATE OF MAINE

CUMBERLAND, ss.

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. CV-03-405
RAC-CU... 4/12/2004

STATE OF MAINE
Cumberland, ss, Clerk's Office
SUPERIOR COURT

APR    2004

RECEIVED

WILLIAM WHITNEY SMITH, JR.,
SUSAN SMITH, and
YARMOUTH TRADING COMPANY

    Plaintiffs

v.

DANIEL COYNE,
GENDRON COMMERCIAL BROKERS, INC.,
and MELCO, INC.,

    Defendants

ORDER

DONALD L. GARBRECHT
LAW LIBRARY

MAY 13 2004

Before this court is Defendant Melco Inc.'s ("Melco") Motion to Strike Jury Trial and Defendant Melco's Motion to Dismiss. In addition, before this court is Plaintiffs, William Whitney Smith, Jr., Susan Smith (collectively "Smith") and Yarmouth Trading Company's ("Yarmouth Trading") Motion to Amend Complaint.

## FACTS

Plaintiff Smith owns Plaintiff Yarmouth Trading. In early 2002, Plaintiff Yarmouth Trading entered into a contract to purchase property ("property") and a business known as Vito's Bakery ("business") located at 41-43 Washington Avenue, Portland, Maine.

Prior to closing on the property and business, Plaintiff Smith was referred to Defendant, Daniel Coyne ("Coyne") and Defendant Melco. Defendant Coyne is a real estate broker for Defendant Gendron Commercial Brokers, Inc. ('Gendron"). Also, Defendant Coyne owns and operates Defendant Melco, which makes high-interest rate loans. On or about March 5, 2002, Defendant Coyne arranged to have Defendant Melco

lend Plaintiff Yarmouth Trading the principal sum of $280,000 to purchase the property and business. This loan was secured by a mortgage and security interest in the property, business and Plaintiff Smith's residence in Yarmouth, Maine ("Melco note").

In spring 2003, Plaintiff Smith decided that he would like to sell the property, but not the business, to pay off the debt to Defendant Melco. Plaintiff Smith had identified A&M Partners and Alan Spear, as potential buyers. A&M Partners was interested in purchasing the building, because of its close proximity to the Nissen building, which it already owned. Accordingly, Plaintiff Smith approached Defendant Coyne regarding the sale. Defendants Coyne and Gendron agreed to serve as the real estate broker for Plaintiffs Yarmouth Trading and Smith with respect to the sale of the property. Despite this arrangement, Plaintiff Smith argues, Defendant Coyne acting on behalf of Defendant Melco approached A&M Partners and offered to sell it the Melco note. A&M Partners accepted the offer, purchased the Melco note, demanded payment from Plaintiff Smith and then initiated foreclosure proceedings.

Subsequently, Alan Spear and Mary Allen Lindermann approached Plaintiff Smith, expressed interest in purchasing the property and ultimately entered into a contract for the sale of commercial real estate. Alan Spear and Mary Allen Lindermann, however, identified access issues and boundary line issues existing between A&M Partners property and the property. Consequently, Plaintiffs attempted to settle these problems with A&M Partners, so that the property could be sold and the Melco note could be paid in full, but were unsuccessful.

Therefore, on July 17, 2003, Plaintiff Smith filed a Complaint in the Cumberland County Superior Court. In addition, Defendant Melco filed a Motion to Dismiss and a Motion to Strike Jury Trial. In response, Plaintiff Smith filed a Motion to Amend Complaint.

2

# DISCUSSION

## 1. Motion to Strike Jury Trial

First, Defendant Melco argues that Plaintiff Smith's demand for a trial by jury should be stricken. Conversely, Plaintiff Smith argues that Defendant Melco is attempting to bifurcate this trial, thereby making this case more difficult to try.

> The right to jury trial in civil matters is found in Art. I, Section 20 of the Maine Constitution, which provides in pertinent part that in all civil suits, . . . the parties shall have a right to a trial by jury, except in cases where it has heretofore been otherwise practices. Pursuant to M. R. Civ. P. 38, this right shall be preserved to the parties inviolate.

DiCentes v. Michaud, 1998 ME 227, ¶ 7, 719 A.2d 509, 512 (quotations omitted).

Despite this, however, Plaintiff Smith executed loan documents with Defendant Melco, which provided:

> It is mutually agreed by and between Lender and Borrower that both parties hereby knowingly, intelligently and voluntarily waive trial by jury in any action, proceeding counterclaim, objection to claim in a bankruptcy case, *or other litigation or claim of any type brought by either Lender or Borrower against the other arising out of or in any way related to the Mortgage, the Loan documents or this Agreement.*

(Loan Agreement at ¶ 6, p. 3) (emphasis added). Despite this explicit waiver, Plaintiff Smith argues that it is inapplicable as to himself and his wife individually, because the only signature that appears on the loan and security agreements is his, as President of Plaintiff Yarmouth Trading. This court, however, disagrees and finds that Plaintiff Smith voluntarily waived his trial by jury as to Defendant Melco. See Chase Commercial Corporation v. Morton I. Owen, 32 Mass. App. Ct. 248, 250-51, 588 N.E.2d 705, 707 (holding that the Defendants were bound by the jury trial waiver contained in

3

the two loan and security agreements, despite the fact that they did not individually sign said agreements, since they had individually signed the guaranty agreement.)[1]

## 2. Motion to Amend Complaint

Next, Plaintiff Smith contends that he should be allowed to amend his Complaint, because it will not be prejudicial to Defendant Melco. Defendant Melco, however, argues that this court should deny Plaintiff Smith's leave to amend, because the proposed amendment would be subject to a Motion to Dismiss.

Here, discovery will not be complete until the end of April 2004. Furthermore, Defendant Melco will not be subject to any undue burden or prejudice, because Plaintiff Smith's additional claims are similar to the one's already asserted in his original Complaint. Therefore, this court grants Plaintiff Smith's Motion to Amend. See M. R. Civ. P. 15.[2]

## 3. Motion to Dismiss

Finally, Defendant Melco opines that its Motion to Dismiss should be granted, because Plaintiff Smith has failed to state a claim upon which relief may be granted. Plaintiff Smith, however, asserts that ample facts exist to establish liability against Defendant Melco for Fraud, Interference with Economic Advantage, Negligent Misrepresentation, Civil Conspiracy and Punitive Damages.

When reviewing the Defendant's motion to dismiss, this court will look at the complaint in the light most favorable to the Plaintiff, taking the material allegations as admitted. See In re Wage Payment Litigation, 2000 ME 162, ¶ 3, 759 A.2d 217, 220. Thus, a motion to dismiss is properly granted when it appears beyond a doubt that the

---

[1] In this case, Plaintiffs William and Susan Smith both individually signed the guaranty on March 5, 2002.

[2] "[A] party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires." M. R. Civ. P. 15(a).

Plaintiff is entitled to no relief under the facts that might be proved in support of the claim. Dutil v. Burns, 674 A.2d 910, 911 (Me. 1996).

### a. Fraud

"Common law fraud requires: (1) a false representation (2) of a material fact (3) with knowledge of its falsity or in reckless disregard of whether it is true or false (4) for the purpose of inducing another to act in reliance upon it, and (5) the plaintiff justifiably relies upon the representation as true and acts upon it to his damage." Diversified Foods, Inc. v. The First National Bank of Boston, 605 A.2d 609, 615 (Me. 1992) (citation omitted).

Here, Plaintiff Smith argues that Defendant Coyne, as an agent for Defendant Melco, made false representations of material fact that he did not "need to worry about the Melco debt and that the Melco debt would be paid in full from the proceeds of the Plaintiffs' real estate." (Amended Complaint at ¶ 44.) Further, Plaintiff Smith contends Defendant Coyne made these representations with knowledge or reckless disregard of their falsity for the purpose of inducing him to rely to his detriment, which he did. Id. at ¶¶ 47-48. Accordingly, viewing these facts in a light most favorable to Plaintiff Smith, this court finds that his fraud claim survives Defendant Melco's Motion to Dismiss.

### b. Negligent Misrepresentation

The Law Court has held that the appropriate standard for negligent misrepresentation claims is pursuant to Restatement (Second) of Torts § 522.

> Section 552(a)(1) --the substance of which the trial court correctly cited in its decision,--defines negligent misrepresentation as follows: One who, in the course of his business, profession or employment, or in any other transaction in which he has a pecuniary interest, supplies false information for the guidance of others in their business transactions, is subject to liability for pecuniary loss caused to them by their justifiable reliance upon the information, *if he fails to exercise reasonable care or competence in obtaining*

*or communicating the information.*

Rand v. Bath Iron Works Corp., 2003 ME 122, ¶ 13, 832 A.2d 771, 774 (citations omitted).

Here, Plaintiff Smith contends that "Mr. Coyne is a real estate broker who works for Gendron. In addition to acting as a broker for Gendron, Coyne also owns, controls, represents in his agency capacity, and/or operates Melco, which makes high interest loans." (Amended Complaint at ¶ 8.) Plaintiff Smith also asserts that "Mr. Coyne, on behalf of himself and Melco, represented to Smith that the Melco debt would not be a problem and that he would arrange the sale of the property to satisfy the Melco debt." Id. at ¶ 16. Despite these assertions, Plaintiff Smith continues, Defendant Coyne, Defendant Melco's agent, offered to sell the Melco note to A&M Partners. Id. at ¶ 20. Viewing these facts in a light most favorable to Plaintiff Smith, this court finds that this claim survives Defendant Melco's Motion to Dismiss.

### c. Interference With Economic Advantage

"Tortious interference with a prospective economic advantage requires a plaintiff to prove: (1) that a valid contract or prospective economic advantage existed; (2) that the defendant interfered with that contract or advantage through fraud or intimidation; and (3) that such interference proximately caused damages." Rutland v. Mullen, 2002 ME 98, ¶ 13, 798 A.2d 1104, 1110 (citation omitted).

In the present case, Plaintiff Smith asserts that "[b]oth A&M and Spear were ready, willing and able to purchase the real estate at a price that would have satisfied in full the Melco debt." (Amended Complaint at ¶ 12.) "Mr. Coyne [then] on behalf of himself and Melco, represented to Smith that the Melco debt would not be a problem and that he would arrange the sale of the property to satisfy the Melco debt." Id. at ¶ 16. Despite this, Plaintiff Smith argues, "[a]fter obtaining the listing for the Property,

6

Mr. Coyne, acting on behalf of Melco, then approached Michael Scarcks, who is a principal of A&M Partners. Upon information and belief, Mr. Coyne – on behalf of Melco – then offered to sell the Melco note to A&M Partners." Id. at ¶ 20. As a result, of this interference by Defendant Coyne, an agent of Defendant Melco, Plaintiff Smith suffered damages, because he was unable to sell the property. Id. at ¶ 27 and ¶ 60.

Accordingly, this court finds that this claim survives, because Plaintiff Smith has shown that a valid prospective advantage existed, which Defendant Melco interfered with through the misconduct of its agent, Defendant Coyne.

### d. Civil Conspiracy

"A plaintiff must plead facts that establish the following elements when bringing an action for civil conspiracy: (1) two or more persons; (2) an object to be accomplished; (3) a meeting of minds on the object or course of action; (4) one or more unlawful acts; and (5) damages." Sebago, Incv. V. Pena, CV-99-226 (Me. Super. Ct., Cum. Cty., July 8, 1999) (Crowley, J.) (citations omitted).

Here, Defendant Coyne interacted with Plaintiff Smith in his role as an agent of Defendant Melco and as a broker for Defendant Gendron. Hence, the only conspiracy that could exist would be between Defendant Coyne and himself. See Lockwood Grader Corp. v. Bockhaus, 129 Colo. 339, 270 F.2d 193 (1954) (holding that no civil conspiracy can be established where the agent is the sole actor for two corporations.) Therefore, this court finds that Plaintiff Smith's claim does not survive Defendant Melco's Motion to Dismiss.

### e. Punitive Damages

The Law Court has held that punitive damages are recoverable under Maine law only upon a showing of malice. Tuttle v. Raymond, 494 A.2d 1353, 1361 (Me. 1985).

This requirement of malice will be most obviously satisfied by a showing of

express or actual malice. Such malice exists where the defendant's tortious conduct is motivated by ill will toward the plaintiff. Punitive damages will also be available, however, where deliberate conduct by the defendant, although motivated by something other than ill will toward any particular party, is so outrageous that malice toward a person injured as a result of that conduct can be implied. We emphasize that, for the purpose of assessing punitive damages, such implied or legal malice will not be established by the defendant's mere reckless disregard of the circumstances.

Id. (citations and internal quotations omitted). In addition, the Law Court has held that a punitive damages award must be based upon underlying tortious conduct. DiPietro v. Boynton, 628 A.2d 1019, 1025 (Me. 1993).

In the case at bar, Plaintiff Smith alleges that "[t]he failure of Mr. Coyne, Melco and Gendron to disclose important information was willful. The actions of Defendants described above were outrageous and malicious." (Amended Complaint at ¶ 62.) "Mr. Coyne's Melco's, and Gendron's actions are so outrageous that malice can be implied." Id. at ¶ 63. Therefore, based on the findings above and the disputed facts that remain, this court concludes that the punitive damages claim survives Defendant Melco's Motion to Dismiss.

WHEREFORE, this court **GRANTS** Defendant Melco's Motion to Strike Jury Trial and **GRANTS** Plaintiff Smith's Motion to Amend the Complaint. In addition, this court **DENIES** Defendant Melco's Motion to Dismiss as to fraud, negligent misrepresentation, interference with economic advantage, and punitive damages, but **GRANTS** Defendant Melco's Motion to Dismiss as to civil conspiracy.

Dated: April / 2 2004

Roland A. Cole
Justice, Superior Court

8

OF COURTS
perland County
O. Box 287
Maine 04112-0287

JENNIFER RIGGLE ESQ
93 EXCHANGE STREET
PORTLAND ME 04101

OF COURTS
rland County
Box 287
aine 04112-0287

CLARKE HAMBLEY ESQ
PO BOX 4801
PORTLAND ME 04112

COURTS
d County
x 287
e 04112-0287

PATRICK MELLOR ESQ
PO BOX 449
PORTLAND ME 04112