STATE OF MAINE                                  SUPERIOR COURT
YORK, ss.                                       DOCKET NO. RE-17-0025

MICHAEL KING                        )
                                    )
     and                            )
                                    )     **ORDER**
MARTA PARDEE KING                   )
                                    )
          Plaintiffs,               )
                                    )
     v.                             )
                                    )
SUZANNE POIRIER                     )
                                    )
     and                            )
                                    )
CLASSIC REALTY                      )
                                    )
          Defendants.               )

## I.    Background

### A. Procedural History

This case arises from the sale of a condominium unit in the Golden Sands Condominium Association in Old Orchard Beach, Maine. Plaintiffs Michael and Marta King filed the instant complaint, alleging that Defendants Suzanne Poirier, the seller's agent, and Classic Realty, Poirier's employer, are liable for the failure to inform plaintiffs of a condition of the condominium building that required a large capital expenditure after the plaintiffs purchased the unit. Defendants now move to dismiss plaintiffs' Complaint for failure to state a claim.

### B. Facts

In spring, 2013, defendant Michael Quinn listed Unit 5A (the "Unit") at the Golden Sands Condominium for sale. (Compl. ¶ 12.) Quinn hired defendant Suzanne Poirier, of defendant Classic Realty, to be his agent in the sale of the Unit. (Compl. ¶ 13.) Poirier is and was at all

1

relevant times a resident at Golden Sands Condominium as well. (Compl. ¶ 7.) The plaintiffs entered into a Purchase and Sale Agreement with Quinn to purchase the Unit from Quinn for $379,000 on May 13, 2013. (Compl. ¶¶ 14-15.)

Before closing, the Golden Sands Condominium Association (the "Association") provided the plaintiffs a Resale Certificate for the Unit. (Compl. ¶ 17.) Defendant Phillip Meech, the Association's "Building Manager," prepared the Certificate. (Compl. ¶ 17.) This certificate provided anticipated capital expenditures that unit owners may have to pay.

Prior to closing, plaintiffs asked Poirier whether there had been any water problems at the building. (Compl. ¶ 18.) Poirier responded that some minor leakage around a window in the Unit had occurred in the past, but stated it was no longer an issue. (Compl. ¶ 19.) Poirier also provided plaintiffs some documents pertaining to the water problems in the Unit. (Compl. ¶ 20.) Neither of these communications indicated that there were any known water problems at the building. (Compl. ¶ 20.) In fact, plaintiffs allege that there had been prior engineering reports prepared for the Board of Directors of the Association that identified a water intrusion problem at the Golden Sands Condominium building. (Compl. ¶ 21.) The cost to repair this intrusion was estimated at $1.25 million dollars, and an assessment upon each unit owner would be used to pay these costs. (Compl. ¶¶ 22-23.) None of this information was disclosed to plaintiffs. (Compl. ¶¶ 22-23.) Plaintiffs allege that all defendants were aware, or should have been aware, of the water intrusion issue and the need for capital expenditures to fix it. (Compl. ¶ 24.) Additionally, the Seller's Disclosure and Resale Certificate both did not address the need to repair the water intrusion. (Compl. ¶ 25.)

Unaware of the water intrusion issue, plaintiffs closed on the Unit on August 5, 2013. (Compl. ¶ 27.) On August 20, 2013, the Association held a special meeting and estimated the cost

to repair the water intrusion by capital expenditure at $46,300 per unit owner. (Compl. ¶¶ 26, 28.) After hearing of the capital expenditure, plaintiffs filed the instant complaint, alleging that defendants Poirier and Classic Realty committed Fraud (Count I) and Negligent Misrepresentation (Count II) as well as further counts against the Association and Phillip Meech. Defendants Poirier and Classic Realty have moved to dismiss plaintiffs' claims against them for failure to state a claim.

## II. Discussion

### A. Rule 12(b)(6) Motion to Dismiss Standard

In reviewing a motion to dismiss under Rule 12(b)(6), courts "consider the facts in the complaint as if they were admitted." *Bonney v. Stephens Mem. Hosp.*, 2011 ME 46, ¶ 16, 17 A.3d 123, 127. The complaint is viewed "in the light most favorable to the plaintiff to determine whether it sets forth elements of a cause of action or alleges facts that would entitle the plaintiff to relief pursuant to some legal theory." *Id.* (quoting *Saunders v. Tisher*, 2006 ME 94, ¶ 8, 902 A.2d 830). "Dismissal is warranted when it appears beyond a doubt that the plaintiff is not entitled to relief under any set of facts that he might prove in support of his claim." *Id.*

Although plaintiffs are generally only required to meet notice pleading standards, "Rule 9(b) provides that when a claim of fraud is made, 'the circumstances constituting fraud . . . shall be stated with particularity' although the 'malice, intent, knowledge, and other condition of mind of a person may be averted generally.'" *Barnes v. McGough*, 623 A.2d 144, 146 (Me. 1993) (quoting M.R. Civ. P. 9(b)).

### B. Fraud

3

Count I of plaintiffs' Complaint alleges that Poirier and Classic Realty committed fraud by failing to disclose the water damage to the building and the possibility of capital expenditures to fix the problem.

To prove fraud in the absence of an affirmative misrepresentation, "a plaintiff must demonstrate an active concealment of the truth or a special relationship that imposes a duty to disclose on the defendant." *Kezer v. Mark Stimson Assocs.*, 1999 ME 184, ¶ 23, 742 A.2d 898 (citing *Fitzgerald v. Gamester*, 658 A.2d 1065, 1069 (Me. 1995)).

Defendants claim that they had no duty to disclose this issue because they only had a duty to disclose defects concerning the physical condition of the Unit itself, not the entire Golden Sands Condominium complex. This argument is not well-taken. An agent's duty to buyer's is codified in 32 M.R.S. § 13273. This section provides:

> 2. Duty to Buyer. The duty of a seller agent to a buyer is governed by the following.
> A. A seller agent *shall treat all prospective buyers honestly and may not knowingly give false information and shall disclose in a timely manner to a prospective buyer all material defects pertaining to the physical condition of the property of which the seller agent knew or, acting in a reasonable manner, should have known.* A seller agent is not liable to a buyer for providing false information to the buyer if the false information was provided to the seller agent by the seller agent's client and the seller agent did not know or, acting in a reasonable manner, should not have known that the information was false. A seller agent is not obligated to discover latent defects in the property. 32 M.R.S. § 13273 (emphasis added).

The property referred to in the statute refers not only to the specific condominium unit being sold, but also to the entire condominium complex to which the buyer has rights and obligations. Consequently, plaintiffs can prove fraud through the failure to disclose the building's water problems.

Additionally, plaintiffs have sufficiently pleaded that defendants actively concealed the truth. "'Active concealment of the truth' connotes steps taken by a defendant to hide the true state of affairs from the plaintiff." *Kezer*, 1999 ME 184, ¶ 24, 742 A.2d 898.

Plaintiffs allege that they asked Poirier if the building had any water damage, to which she replied only about the physical condition of the actual unit. They further allege that Poirier knew or should've known about the water damage to the building because she was a long-time resident there and was personally familiar with the building's physical condition. Finally, the complaint also alleges that defendants knew or should have known about the engineering report that indicated the necessity and expected costs to repair the water intrusion issue. Taking these facts as admitted and in the light most favorable to the plaintiffs, defendants are not entitled to dismissal. Plaintiffs have alleged that Poirier actively concealed this information by answering plaintiffs' question with a knowingly incomplete answer. The fact that the Association issued a resale certificate that also failed to mention the anticipated capital expenditures does not absolve defendants of the duty to disclose the physical condition of the premises and generally interact honestly with the plaintiffs.

Additionally, fraud requires a showing of justifiable reliance. *Kezer*, 1999 ME 184, ¶ 26, 742 A.2d 898. "When there has been active concealment of a material fact, the plaintiff must justifiably rely on the omission of the material fact." *Id*. Again, plaintiffs have alleged that they relied on Poirier's answer in closing on the property. Taking this fact as admitted and in the light most favorable to the plaintiffs, plaintiffs have satisfied their burden at this stage.

Defendants also argue that because a unit owner is not liable for erroneous information regarding anticipated capital expenditures in a resale certificate under M.R.S.A. tit. 33, § 1604-108(b), neither can an owner's agent. Generally, "as their agents, real estate brokers have all of the defenses as their principals that arise out of the transaction." *Kezer*, ME 184, ¶ 15, 742 A.2d 898. However, this section does not shield the owner, or their agents, from fraudulent remarks or nondisclosures. If, as is alleged here, defendants failed to disclose the water intrusion issue or actively concealed its existence, they would not be shielded from liability under this section.

5

### C. Negligent Misrepresentation

Maine has adopted the Second Restatement of Torts formulation for negligent misrepresentation claims. *Rand v. Bath Iron Works Corp.*, 2003 ME 122, ¶ 13, 832 A.2d 771. Section 552 of the Restatement provides, "One who, in the course of his business, profession or employment, or in any other transaction in which he has a pecuniary interest, supplies false information, for the guidance of others in their business transactions, is subject to liability for pecuniary loss caused to them by their justifiable reliance upon the information if he fails to exercise reasonable care or competence in obtaining or communicating the information." Restatement (Second) of Torts § 552(1) (1977). For the purposes of negligent misrepresentation, "silence rises to the level of supplying false information when such failure to disclose constitutes the breach of a statutory duty." *Binette v. Dyer Library Ass'n*, 688 A.2d 898, 903 (Me. 1996).

As discussed above, defendants have a statutory duty to disclose material defects relating to the physical condition of the property. Taking all of plaintiffs' allegations as admitted and in the light most favorable to them, plaintiffs have sufficiently pleaded a claim for negligent misrepresentation. Defendants' motion to dismiss is likewise denied for this claim.

### III. Conclusion

Because plaintiffs have sufficiently pleaded counts of fraud and negligent misrepresentation against defendants, defendants motion to dismiss is hereby denied. If after discovery the record demonstrates that defendants did not owe a duty to plaintiff or did not commit a fraudulent or negligent misrepresentation, the issue may again be addressed upon a motion for summary judgment.

The clerk shall make the following entries on the docket:

Defendants' motion to dismiss is hereby DENIED.

SO ORDERED.

DATE: October 3, 2017

_____
John O'Neil, Jr.
Justice, Superior Court

**ENTERED ON THE DOCKET ON:** 10/3/17

7

ALFSC-RE-17-25


ATTORNEY FOR PLAINTIFF:

MARTIN RIDGE, ESQ.
BEAGLE STEEVES & RIDGE LLC
10 MOULTON STREET
PORTLAND  ME  04101


ATTORNEY FOR DEFENDANTS MICHAEL QUINN,
GOLDEN SANDS CONDO ASSOC, MEECH PROPERTY MGMT & PHILLIP MEECH :

KIP ADAMS, ESQ.
LEWIS BRISBOIS BISGAARD SMITH LLP
ONE INTERNATIONAL PLACE
SUITE 350
BOSTON  MA  02110


ATTORNEY FOR DEFENDANTS SUZANNE POIRIER & CLASSIC REALTY

DAVID VERY, ESQ.
NORMAN HANSON & DETROY LLC
PO BOX 4600
PORTLAND  ME  04112-4600