STATE OF MAINE
CUMBERLAND, ss.

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. CV-20-0472

PETER M. ROSENBERG,

   PLAINTIFF,

v.

ROBERT C. ANDREWS & ROBERT C.
ANDREWS, ESQ. P.C.,

   DEFENDANTS,

)
)
)
)
)
)
)
)
)
)
)

ORDER

REC'D CUMB CLERKS OFC
DEC 7 '21 AM8:31

Before the court is Plaintiff, Peter M. Rosenberg's ("Rosenberg") Motion to Dismiss Defendant Robert C. Andrews ("Andrews") and Defendant Robert C. Andrews Esq. P.C. ("Andrews P.C.") (collectively "Defendants") two count counterclaim. For the reasons set forth herein, the Plaintiff's Motion to Dismiss the Defendants' Counterclaim is GRANTED without prejudice as to Defendants' rights to bring their claims in a separate action.

## FACTUAL BACKGROUND

The following relevant facts are taken directly from the Plaintiff's complaint, the Defendants' answer and counterclaim, and Rosenberg's Motion to Dismiss along with the Defendants' response.

This action comes before the court as the result of an employment dispute between two attorneys. In June of 2019, Rosenberg, a licensed Maine attorney, joined Andrews P.C., a small law firm that offers legal services in a variety of practice areas. At all times relevant to the current proceeding, Rosenberg served as an associate attorney for Andrews P.C. and was

1

supervised by Plaintiff Andrews—himself an attorney—the sole owner and shareholder of Andrews P.C.

Rosenberg agreed to join the law firm under the following employment terms: A base salary of $30,000 with a 5% bonus to be paid once he accrued billings in an amount equivalent to his base. For every billing accrued in excess of $30,000, Rosenberg was to receive a 25% share. If Rosenberg's gross collected billings exceeded $75,000, then he was to receive a $10,000 bonus and 50% of any billings collected in excess of the $75,000 threshold.

In January of 2020, after approximately six months of employment, Rosenberg left Andrews P.C. Soon after his departure, Rosenberg sent an email to Andrews claiming he had accrued at least $35,000 in billings by the time of his departure and was therefore owed a 5% bonus and 25% of the $5,000 he earned in excess of his base. Andrews denied Rosenberg's request and later sent an accounting of Rosenberg's billings which, in Andrews calculation, only totaled $28,209.32—an amount that foreclosed any further payment to Rosenberg under the terms of his employment.

On four separate occasions, Rosenberg demanded payment from Andrews and was denied. On the heels of Andrew's multiple refusals, Rosenberg filed a two count complaint in Cumberland County Superior Court seeking the payment of his claimed wages.[1] Count One alleges a "Breach of Maine's Wage Payment Law Against All Defendants," and Count Two alleges a "Breach of Maine Overtime Law Against All Defendants." (Amend. Compl. ¶¶ 51-65).

After an Order from this court denying the Defendants' motion to dismiss the amended complaint, the Defendants filed an answer and a two count counterclaim on September 1st, 2020. Count one of the Defendants' counterclaim alleges that Rosenberg engaged in fraud against

---

[1] The original complaint filed on October 29th, 2020, only contained one count. The Complaint was later amended pursuant to this court's order dated March 29th, 2021, over the objection of the Defendants.

Andrews and Andrews P.C. resulting in damages of more than $10,000. Count two alleges negligent misrepresentation resulting in equivalent damages.

On September 20th, 2021, Rosenberg filed the instant Motion to Dismiss the Defendants' Counterclaim. The Defendants' timely filed their response on October 12th and Rosenberg responded on October 25th. The Motion to Dismiss the Defendants' Counterclaim, fully briefed, now awaits this court's decision.

## STANDARD OF REVIEW

"A motion to dismiss pursuant to M.R. Civ. P. 12(b)(6) tests the legal sufficiency of the [counterclaim]." *Seacoast Hangar Condo. II Ass'n v. Martel*, 2001 ME 112, ¶ 16, 775 A.2d 1166 (quoting *New Orleans Tanker Corp, v. Dep't of Transp.*, 1999 ME 67, ¶ 3, 728 A.2d 673). When the court reviews a motion to dismiss, "the [counterclaim] is examined 'in the light most favorable to the [counterclaim] plaintiff to determine whether it sets forth elements of a cause of action or alleges facts that would entitle the [counterclaim] plaintiff to relief pursuant to some legal theory.'" *Lalonde v. Cent. Me. Med. Ctr.*, 2017 ME 22, ¶ 11, 155 A.3d 426. Allegations in the counterclaim are deemed true for the purposes of deciding a motion to dismiss. *Id.* "A dismissal should only occur when it appears beyond doubt that a [counterclaim] plaintiff is entitled to no relief under any set of facts that he might prove in support of his claim." *Moody v. State Liquor & Lottery Comm'n*, 2004 ME 20, ¶ 7, 843 A.2d 43 (quoting *McAfee v. Cole*, 637 A.2d 463, 465 (Me. 1994)) (internal quotations omitted).

## DISCUSSION

Rosenberg advances two arguments in support of his Motion to Dismiss. First, Rosenberg claims that the Defendants' counterclaim, pursuant to M.R. Civ. P. 12(b)(6), fails to state a claim

3

upon which relief may be granted and second, he alleges that the Defendants' counterclaim is barred by 26 M.R.S. § 626. Both of Rosenberg's arguments are addressed in turn.

## I. Failure to State a Claim

### A. Count I: Fraud

Rosenberg's argument for dismissing Count One of the Defendants' counterclaim is that it fails to state a claim upon which relief may be granted. Specifically, Rosenberg claims that the Defendants' failed to plead the particularity required by M.R. Civ. P. 9(b).

"In all allegations sounding in fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity." *Bean v. Cummings*, 2008 ME 18 ¶ 8, 939 A.2d 676; M.R. Civ. P. 9(b). Malice, intent, knowledge, and other condition of mind of a person may be averred generally. M.R. Civ. P. 9(b).

To establish a claim of fraud, a counterclaim plaintiff must allege that the: (1) counterclaim defendant made a false representation, (2) of a material fact, (3) with knowledge of its falsity or in reckless disregard of whether it was true or false, (4) for the purpose of inducing the counterclaim plaintiff to act in reliance upon it, and (5) the counterclaim plaintiff justifiably relied upon the representation as true and acted upon it to the plaintiff's damage. *Barr v. Dyke*, 2012 ME 108, ¶ 16, 49 A.3d 1280.

In Count One of their counterclaim, the Defendants allege that "with fore knowledge of his statement's falsity," Rosenberg "did claim that he had gross collected fees," that "such claim was a material fact," that Rosenberg "knew he did not actual[ly] provide" services justifying these fees, that others had, in fact, "been responsible for the fees collected," or that Rosenberg "fabricated" the fees, all for the purpose of acquiring money or property of Robert Andrews, Esq. P.C., "with the knowledge that Andrews would rely on the statements to his detriment." (Defs.'

4

Countercl. ¶ 15.) They also allege that Rosenberg's statements "were made with actual malice in that he said them intentionally for the purpose of causing Andrews P.C. damages" and that they "caused Andrews P.C. to incur damages of more than $10,000." (Def.s' Countercl. ¶¶ 16-17).

Count One of the Defendants' counterclaim does plead with the particularity required by M.R. Civ. P. 9(b). In their Counterclaim, the Defendants establish conduct by Rosenberg which, viewed in a light most favorable to the Defendants, could constitute fraud. Accordingly, Count One of the Defendants' counterclaim is not dismissed because of a failure to state a claim upon which relief may be granted.

## B. Count II: Negligent Misrepresentation

Rosenberg next seeks dismissal of Count Two of the Defendants' Counterclaim because he alleges it also fails to state a claim upon which relief may be granted. With no heightened pleading requirement for this claim, the court reviews the pleading instrument to determine whether the counterclaim plaintiff is "entitled to no relief under any set of facts that he might prove in support of his claim." *Moody*, 2004 ME 20, ¶ 7, 843 A.2d 43; *see, e.g., Ramsey v. Baxter Title Co.*, 2012 ME 113, ¶ 6, 54 A.3d 710 (reciting as settled law that a complaint is only dismissed when it is "beyond doubt that a plaintiff is entitled to no relief under any set of facts" that might be proven, with no reference to the heightened pleading standards adopted by federal courts).[2]

The tort of negligent misrepresentation is committed when, one who, in the course of her business, profession or employment, or in any other transaction in which she has a pecuniary interest, supplies false information for the guidance of others in their business transactions, is subject to liability for pecuniary loss caused to them by their justifiable reliance upon the

---

[2] The Law Court has held that a "negligent misrepresentation claim does not require proof of intentional or reckless fault and thus does not sound in fraud." *Bridgam v. Nadeau*, 2016 ME 131, ¶ 33, 147 A.3d 824. Therefore, no heightened pleading requirement is imposed on the Defendants regarding Count two.

5

information, if she fails to exercise reasonable care or competence in obtaining or communicating the information. *Rand v. Bath Iron Works Corp.*, 2003 ME 122, ¶ 13, 832 A.2d 771. Liability for negligent misrepresentation only attaches if, when communicating the information, the defendant fails to exercise the care or competence of a reasonable person under like circumstances. *Id.*

Count Two of the Defendants' counterclaim alleges that "In the Course of Andrew P.C.'s business and Peter Rosenberg's employment, Rosenberg did supply false information without taking reasonable care or competency in obtaining or communicating that information for the purpose of providing Robert C. Andrews, Esq. P.C. guidance on Mr. Rosenberg's claims of having gross collected fees in excess of $30,000." (Def.s' Countercl. ¶ 19.) The Defendants also allege that Rosenberg's misrepresentation caused "damages of more than $10,000." (Def.s' Countercl. ¶ 20.) These allegations, taken in the light most favorable to the Defendants, do state a claim for negligent misrepresentation upon which relief may be granted.

## II. 26 M.R.S. § 626

Rosenberg next argues that Defendants' counterclaim is statutorily barred. This issue is a question of law appropriate for a decision pursuant to M.R. Civ. P. 12(b)(6). Specifically, Rosenberg argues that the third paragraph of 26 M.R.S. § 626 bars any counterclaims brought in an action seeking unpaid wages. The Defendants refute Rosenberg's position and argue that section 626's language is ambiguous and, in the event that it does bar counterclaims, violates the separation of powers doctrine. *See* U.S. Const. art. 1, § 1-3; Me. Const. art. 3, § 1.

6

When a court is interpreting a statute, the statute shall be read in its entirety and the words are to be given their plain and natural meaning. *Goodine v. State*, 468 A.2d 1002, 1004 (Me. 1983). "In interpreting a statute, [the court's] single goal is to give effect to the Legislature's intent in enacting the statute." *Dickau v. Vt. Mut. Ins. Co.*, 2014 ME 158, ¶ 19, 107 A.3d 621. The court construes the whole statutory scheme of which the section at issue forms a part so that a harmonious result, presumably the intent of the Legislature, may be achieved. *Liberty Ins. Underwriters, Inc. v. Estate of Faulkner*, 2008 ME 149 ¶ 15, 957 A.2d 94 (quotation marks omitted.) When a statute is ambiguous, a court may look to legislative history or other extraneous aids in its interpretation. *Cent. Me. Power Co. v. Devereux Marine Inc.*, 2013 ME 37, ¶ 8, 68 A.3d 1262 (quotation marks omitted).

26 M.R.S. § 626 states, in relevant part:

> In any action for unpaid wages brought under this subchapter, the employer may not deduct as a . . . counterclaim any money allegedly due the employer as compensation for damages caused to the employer's property by the employee, or any money allegedly owed to the employer by the employee, notwithstanding any procedural rules regarding counteractions . . . .[N]othing in this section may be construed to limit or restrict in any way any rights that the employer has to recover, by a separate legal action, any money owed the employer by the employee.

There is no Law Court authority addressing these provisions. In *Bernier v. Merrill Air Eng'rs*, 2001 ME 17, 770 A.2d 97 and *Glynn v. Atlantic Seaboard Corp.*, 1999 ME 53, 728 A.2d 117, the Court reached the merits of those defendants' counterclaims in a Section 626 action. In neither case, however, did the court discuss Section 626's apparent jurisdictional limitations.

In support of his request for dismissal, Rosenberg cites two trial court decisions in which counterclaims brought by defendants in actions originating under 26 M.R.S. § 626, were dismissed directly as a result of Section 626's language. *See Barton v. Village Mortgage Co.*, No.

7

2:19-cv-00318-GZS 2020 U.S. Dist. LEXIS 19544 (D. Me. Feb. 3, 2020); *McIntosh v. Taggert Constr., Inc.*, No. CV-02-301, 2002 Me. Super. LEXIS 189, (Oct. 2, 2002).

*Barton* and *McIntosh* were both decided by the Federal District and Maine Superior Courts *after* the Law Court's decisions in *Bernier* and *Glynn*. Both *Barton* and *McIntosh* dismissed the idea that the Law Court implicitly endorsed counterclaims in a Section 626 action, and noted that the procedural posture of each included no challenge to the propriety of counterclaims.

In both *Barton* and *McIntosh*, the courts considering this particular language found that the plain language of the statute itself barred counterclaims from being brought by defendant-employers in a Section 626 action. To reach this conclusion, the *Barton* court characterized the crux of Section 626 as follows: "The statute clearly states that, in any action brought under Section 626, employers 'may not deduct as a . . . counterclaim any money allegedly . . . owed to the employer by the employee.'" *Barton*, No. 2:19-cv-00318-GZS 2020 U.S. Dist. LEXIS 19544 at *6. This recitation was supported by *McIntosh's* conclusion—eighteen years earlier—that Section 626 "prohibits an employer from making a counterclaim for any losses or money owed when a Plaintiff has commenced an action for wages under this subchapter." *McIntosh*, No. CV-02-301, 2002 Me. Super. LEXIS 189 at *2. Such an interpretation is bolstered by Section 626's language which preserves an "employer's right to recover in a subsequent independent action." *Id.*

This court finds the reasoning of both *Barton* and *McIntosh* persuasive. The language of Section 626, in a literal sense, prohibits the deduction of money owed from an employee to an employer—in the form of a "counterclaim"—from a final wage amount owed to the employee. 26 M.R.S. § 626. Here, Rosenberg has brought an action for unpaid wages requesting

8

approximately $2,750 in outstanding fees. The Defendants' counterclaim directly challenges Rosenberg's assertions and counters that Rosenberg actually owes Andrews P.C. money. One purpose of the Defendants' two count counterclaim is to reduce or potentially nullify the amount Rosenberg seeks in damages. In plain terms, the Defendants are seeking a deduction from whatever amount they potentially owe to Rosenberg in the form of a counterclaim. This is exactly the situation that Section 626's language sought to prevent.

Moreover, the language of Section 626's third paragraph makes clear that the Legislature's intent was that the employer's claims be brought in a separate action, and not as part of the wage claim. The limitation on a defendant-employer's right to bring a counterclaim exists "notwithstanding any procedural rules regarding counteractions." 26 M.R.S. § 626. The statute also goes on to state that "[N]othing in this section may be construed to limit or restrict in any way any rights that the employer has to recover, by a separate legal action, any money owed the employer by the employee." *Id.*

This additional language sufficiently exempts the employer's counterclaim from Rule 13(a), and makes clear that the Legislature intended for such claims to be brought in a separate action. Although the result is procedurally awkward, it is the clear intent of the Legislature in an effort to prioritize claims for unpaid wages.

**The entry is:** Plaintiff's Motion to Dismiss Defendants' counterclaim is GRANTED. The Defendants' two count counterclaim is dismissed without prejudice.[3] The Clerk is directed to incorporate this Order into the docket by reference pursuant to Maine Rule of Civil Procedure 79(a).

---

[3] The court notes that the effect of this decision is that the Defendant's two count counterclaim is dismissed without prejudice. This dismissal does not preclude the Defendant from bringing the allegations in a separate claim. The dismissal also does not limit relevant admissible evidence in defense of the Complaint.

9

Dated:  12/6/24

_____
Thomas R. McKeon
Justice, Maine Superior Court

10