Francis T. **WERNER,** and Karla **Werner, Plaintiffs,**

v.

**LAWRENCE TRANSPORTATION SYSTEMS, INC.,** and **I–Go Van and Storage Company, Defendants.**

No. 5:98–CV–806–F(3).

United States District Court, E.D. North Carolina, Western Division.

Dec. 7, 1998.

James B. Stephenson, II, McDaniel, Anderson & Stephenson, Raleigh, NC, for plaintiffs.

Jay P. Tobin, Young, Moore & Henderson, Raleigh, NC, for defendants.

## *ORDER*

JAMES C. FOX, District Judge.

This matter is before the court on the Defendants's motion to dismiss. Plaintiffs have responded to the motion, the Defendants have replied and the matter is ripe for disposition. Additionally, United Van Lines, Inc. ("United Van Lines") has filed a motion to intervene as a party to this action pursuant to FED.R.CIV.P. 24. Plaintiffs's response to the Defendants's motion to dismiss responds to United Van Lines's motion to intervene. That motion is ripe for disposition as well.

### I.

The Plaintiffs filed this suit in the Superior Court Division of Wake County, N.C. on September 8, 1998, alleging that the Defendants damaged their household goods while transporting and storing them during the Plaintiffs's move from Nebraska to North Carolina in July, 1996. Plaintiffs's Complaint alleges four causes of action. arising from the alleged damage to their household property during the interstate move: (i) breach of contract; (ii) bailment; (iii) negligence; and (iv) unfair and deceptive trade practices in violation of N.C.GEN.STAT. § 75–1.1 (UDAP claim). Defendants Lawrence Transportation Systems, Inc. ("Lawrence") and I–Go Van and Storage Company ("I–Go") removed the action to this court on October 15, 1998.

Defendants filed their motion to dismiss on October 20, 1998. Defendants first assert that they are improper parties pursuant to 49 U.S.C. § 13907(a) because they are agents of a disclosed principal, United Van Lines. United Van Lines, in its motion to intervene, asserts that it is liable for the acts or omissions of its disclosed household goods agents, Lawrence and I–Go, which may have caused any alleged damage to the Plaintiffs's household goods. In addition, Lawrence and I–Go have moved to dismiss the complaint pursuant to FED.R.CIV.P. 12(b)(6) asserting that Plaintiff's four state law claims are preempted by the Carmack Amendment to the Interstate Commerce Act, 49 U.S.C. § 14706. Plaintiffs do not disagree that the Carmack Amendment governs this matter, and in that regard, seek to amend their Complaint to assert a claim for relief pursuant to 49 U.S.C. § 14706. *See* Plaintiffs's Response, at 9 n. 1. However, Plaintiffs assert that the Carmack Amendment does not preempt their state law UDAP claim because it is based on the alleged intentional misrepresentations of the Defendants, and not upon the damage to their household property.

### II.

Defendants first seek dismissal of Plaintiffs' action against Lawrence and I–Go because they are the agents of a disclosed principal, United Van Lines. In enacting the Carmack Amendment, Congress mandated that:

Each motor carrier providing transportation of household goods shall be responsible for all acts or omissions of any of its agents which relate to the performance of household goods transportation services (including accessorial or terminal services) and which are within the actual or apparent authority of the agent from the carrier or which are ratified by the carrier.

49 U.S.C. § 13907(a). Not only does the statutory language impose liability on a motor carrier for the acts and omissions of the carrier's agent, but case law holds that the agent of a disclosed principal cannot be held liable pursuant to a duly issued bill of lading contract. *See, e.g., Atlantic & Gulf Stevedores, Inc. v. Revelle Shipping Agency, Inc.,* 750 F.2d 457, 458 (5th Cir.1985); *Lake City Stevedores, Inc. v. East–West Shipping Agencies, Inc.,* 474 F.2d 1060,

1063 (5th Cir.1973); *Fox v. Kachina Moving & Storage*, 1998 WL 760268 (N.D.Tex. 1998); *Prince v. United Van Lines*, 1997 WL 53121 (N.D.Tex.1997). Therefore, United Van Lines's motion to intervene as a Defendant should be allowed, and Lawrence and I–Go should be dismissed as the Defendants in this action.

■ Furthermore, for the reasons provided in the Defendants's motion to dismiss and the cases cited therein, Defendants's motion to dismiss Plaintiffs's four state law causes of action, including their UDAP claim, hereby is ALLOWED. The court concludes that all four claims are preempted by the Carmack Amendment. *See Taylor v. Mayflower Transit, Inc.*, 22 F.Supp.2d 509 (W.D.N.C. 1998) (holding that North Carolina unfair and deceptive trade practices claim preempted by Carmack Amendment because it "does not state a separate cause of action divisible from the interstate shipment of [ ] household goods"); *Rini v. United Van Lines, Inc.*, 104 F.3d 502, 506 (1st Cir.), *cert. denied*, —— U.S. ——, 118 S.Ct. 51, 139 L.Ed.2d 16 (1997) (holding that Carmack's broad scope preempts all state law claims whether they contradict or supplement Carmack remedies); *Cleveland v. Beltman North American Co., Inc.*, 30 F.3d 373, 379 (2d Cir.1994) (same); *Moffit v. Bekins Van Lines Co.*, 6 F.3d 305, 306–07 (5th Cir. 1993) (holding Carmack Amendment preempts state law claims of misrepresentation, fraud, gross negligence and intentional and negligent infliction of emotional distress); *Shao v. Link Cargo (Taiwan) Ltd.*, 986 F.2d 700, 706–07 (4th Cir.1993) (holding several state common-law claims preempted by Carmack Amendment).

### III.

For the reasons provided above, United Van Lines's motion to intervene as a Defendant in this action hereby is ALLOWED. The Defendants's motion to dismiss because they are improper parties to this action hereby is ALLOWED. Furthermore, the Defendants's motion to dismiss Plaintiff's four state law claims as preempted by the Carmack Amendment hereby is ALLOWED. Plaintiff is DIRECTED to amend its Complaint within twenty (20) days of the filing date of this action to assert a Carmack Amendment claim against the Defendant United Van Lines.

SO ORDERED.