**John E. O'DONNELL, Plaintiff,**

v.

**EARLE W. NOYES &
SONS, Defendant.**

**No. CIV. 99–306–P–H.**

United States District Court,
D. Maine.

April 26, 2000.

John E. Sedgewick, Eric Edward Menoyo, Berman & Simmons, P.A., Lewiston, ME, for plaintiff.

Wesley S. Chused, Elizabeth M. Adler, Looney & Grossman, Boston, MA, Louis B. Butterfield, Portland, ME, for defendant.

## ORDER AFFIRMING RECOMMENDED DECISION OF THE MAGISTRATE JUDGE

HORNBY, Chief Judge.

The United States Magistrate Judge filed with the court on March 17, 2000, with copies to counsel, his Recommended Decision on Defendant's Motion for Summary Judgment. The plaintiff filed an objection to the Recommended Decision on April 3, 2000. I have reviewed and considered the Recommended Decision, together with the entire record; I have made a *de novo* determination of all matters adjudicated by the Recommended Decision; and I concur with the recommendations of the United States Magistrate Judge for the reasons set forth in his Recommended Decision, and determine that no further proceeding is necessary.

It is therefore **ORDERED** that the Recommended Decision of the Magistrate Judge is hereby **ADOPTED**. The defendant's motion for summary judgment is **GRANTED**.

**SO ORDERED.**

## RECOMMENDED DECISION ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

DAVID M. COHEN, United States Magistrate Judge.

The defendant, Earle W. Noyes & Sons ("Noyes"), having removed this action asserting a claim pursuant to 49 U.S.C. § 14706 to this court from the Maine Superior Court (Cumberland County), now moves for summary judgment. I recommend that the court grant the motion.

### I. Summary Judgment Standard

Summary judgment is appropriate only if "the pleadings, depositions, answers to

interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). "In this regard, 'material' means that a contested fact has the potential to change the outcome of the suit under the governing law if the dispute is resolved favorably to the nonmovant. By like token, 'genuine' means that 'the evidence about the fact is such that a reasonable jury could resolve the point in favor of the nonmoving party ....'" *McCarthy v. Northwest Airlines, Inc.*, 56 F.3d 313, 315 (1st Cir.1995) (citations omitted). The party moving for summary judgment must demonstrate an absence of evidence to support the nonmoving party's case. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). In determining whether this burden is met, the court must view the record in the light most favorable to the nonmoving party and give that party the benefit of all reasonable inferences in its favor. *Cadle Co. v. Hayes*, 116 F.3d 957, 959 (1st Cir.1997). Once the moving party has made a preliminary showing that no genuine issue of material fact exists, "the nonmovant must contradict the showing by pointing to specific facts demonstrating that there is, indeed, a trialworthy issue." *National Amusements, Inc. v. Town of Dedham*, 43 F.3d 731, 735 (1st Cir.1995) (citing *Celotex*, 477 U.S. at 324, 106 S.Ct. 2548); Fed. R.Civ.P. 56(e). "This is especially true in respect to claims or issues on which the nonmovant bears the burden of proof." *International Ass'n of Machinists & Aerospace Workers v. Winship Green Nursing Ctr.*, 103 F.3d 196, 200 (1st Cir.1996) (citations omitted).

1. The plaintiff has failed to respond as required by this court's Local Rule 56(c) to the statement of material facts submitted by the defendant with its motion. Accordingly, all of the facts included in the defendant's statement, to the extent that they are appropriately supported by citations to the record, are deemed admitted. Local Rule 56(e).

## II.   Facts

The following undisputed material facts [1] are relevant to the motion for summary judgment. At some time in 1997 the plaintiff contacted the defendant to arrange for household moving services from Florida to Portland, Maine. Deposition of John E. O'Donnell ("Plaintiff's Dep."), Exh. A to [Plaintiff's] Statement of Facts ("Plaintiff's SMF") (Docket No. 10), at 22–25; Plaintiff Answers Defendant's First Set of Interrogatories [sic] ("Interrog.Answers"), Exh. B to Plaintiff's SMF, at 2–3. A truck was loaded at the plaintiff's residence in Fort Lauderdale, Florida on June 3, 1997, Interrog. Answers at 3; the contents were moved to Portland, Maine and stored in a warehouse until August 1, 1997 when they were delivered to the plaintiff's residence in Portland, *id.* at 4. The complaint alleges that certain items were not delivered and others were damaged. Complaint (Docket No. 1A) ¶¶ 11–13.

Noyes has operated as an interstate household goods agent for United Van Lines, Inc. of Fenton, Missouri ("United") since January 1989 pursuant to a written agency agreement. Affidavit of Peter L. Noyes ("Noyes Aff.") (Docket No. 6) ¶ 4 & Exh. A thereto. With respect to the shipment at issue in this action, Noyes acted as the origin and destination agent for United. Noyes Aff. ¶ 8. The bill of lading for the shipment was issued by United. *Id.* & Exh. C thereto.[2] Noyes is listed on the bill of lading in a box marked "agent." *Id.* Exh. C. United was the interstate motor carrier for this shipment. Noyes Aff. ¶ 8. Noyes acted only as an agent for United with respect to this shipment. *Id.* ¶ 13.

On the Household Goods Descriptive Inventory for this shipment, United is identi-

2. Exhibit C to the Noyes affidavit is a copy of the bill of lading that does not include several lines at the top of the document. Exhibit K to the Plaintiff's SMF, which appears to be a copy of the same document, does bear the legend "United Van Lines, Inc., Uniform Household Goods Bill of Lading & Freight Bill" at the top.

fied as the "contractor or carrier;" Noyes is not mentioned. *Id.* Exh. D. The Inventory Control Form signed by the plaintiff relative to this shipment carries the name of United, not Noyes. *Id.* Exh. E. The forms entitled "Presentation of Claim for Loss and Damage" signed by the plaintiff and related to this shipment bear the name of United and do not mention Noyes. *Id.* Exh. F. The Notice of Claim Before Suit served on the defendant by the plaintiff, signed by the plaintiff under oath, states that he contracted with United through its agent, Noyes, for the shipment at issue. *Id.* Exh. G ¶ 1.

### III. Discussion

The only claim asserted in the complaint is based on 49 U.S.C. § 14706, previously codified at 49 U.S.C. § 11707, known as the Carmack Amendment. *Rini v. United Van Lines, Inc.,* 104 F.3d 502, 503 (1st Cir.1997). It provides as follows, in relevant part:

**(a) General liability—**

(1) **Motor carriers and freight forwarders.**—A carrier providing transportation or service subject to jurisdiction under subchapter I or III of chapter 135 shall issue a receipt or bill of lading for property it receives for transportation under this part. That carrier and any other carrier that delivers the property and is providing transportation or service subject to jurisdiction under subchapter I or III of chapter 135 or chapter 105 are liable to the person entitled to recover under the receipt or bill of lading. The liability imposed under this paragraph is for the actual loss or injury to the property caused by (A) the receiving carrier, (B) the delivering carrier, or (C) another carrier over whose line or route the property is transported in the United States . . . .

49 U.S.C. § 14706(a)(1). The plaintiff suggests that Noyes "issued" the bill of lading in this case because it was handed to him by Noyes's independent contractor driving a Noyes vehicle. Memorandum in Support of Plaintiff's Opposition to Defendant's Motion for Summary Judgment ("Plaintiff's Memorandum") (Docket No. 9) at 4. However, the plaintiff has not presented any support for this factual assertion in his statement of material facts and the court therefore may not consider it. Even if that were not the case, the commonly understood meaning of the "issuing" of a bill of lading is not the handing of the document from one person to another, but rather the provision of that document to the shipper by the carrier. The fact that an agent of the carrier may hand the document to the shipper does not mean that the agent "issued" it.

Noyes contends that it cannot be held liable under the Carmack Amendment because it did not issue the bill of lading for the plaintiff's shipment. Defendant's Reply Memorandum in Support of Motion for Summary Judgment (Docket No. 14) at 3. However, as the plaintiff points out, section 14706(a) by its terms extends liability to the carrier that issued the bill of lading and to "any other carrier that delivers the property." The definitions of the terms "carrier," "motor carrier," and "motor vehicle" provided for purposes of section 14706, 49 U.S.C. § 13102(3), (12) & (14), do not appear to exclude Noyes under the circumstances of this case. Noyes does not suggest that it was not providing services or transportation subject to the statutory sections listed in section 14706(a)(1).

Noyes also relies on 49 U.S.C. § 13907, which provides, in relevant part:

**(a) Carriers responsible for agents.**—Each motor carrier providing transportation of household goods shall be responsible for all acts or omissions of any of its agents which relate to the performance of household goods transportation services . . . and which are within the actual or apparent authority of the agent from the carrier or which are ratified by the carrier.

**(b) Standard for selecting agents.**—Each motor carrier providing transportation of household goods shall use due

diligence and reasonable care in selecting and maintaining agents who are sufficiently knowledgeable, fit, willing, and able to provide adequate household goods transportation services ... and to fulfill the obligations imposed upon them by this part and by such carrier.

While subsection (b) certainly suggests that a carrier of household goods and its agent, even when that agent is transporting household goods,[3] are two different things, subsection (a) only makes the carrier liable for the actions of its agent; it does not necessarily relieve the agent of direct liability for its own acts or omissions.

█ It is not the statutory language itself that shields Noyes from liability under section 14706. Rather, it is Noyes's status as a disclosed agent of United that is determinative. The plaintiff argues, without citation to authority, that agency principles are inapplicable to a statutory cause of action. Plaintiff's Memorandum at 5. However, the courts have regularly applied agency principles to Carmack Amendment claims. *E.g., Werner v. Lawrence Transp. Sys., Inc.*, 52 F.Supp.2d 567, 568–69 (E.D.N.C.1998), and cases cited therein; *Fox v. Kachina Moving & Storage*, 1998 WL 760268 (N.D.Tex. Oct.21, 1998), at *1. Two sections of the Restatement (Second) of Agency state the relevant principles:

Unless otherwise agreed, a person making or purporting to make a contract with another as agent for a disclosed principal does not become a party to the contract.

\*     \*     \*     \*     \*     \*

An agent, by making a contract only on behalf of a competent disclosed or par-

tially disclosed principal whom he has power so to bind, does not thereby become liable for its nonperformance. Restatement (Second) of Agency §§ 320,[4] 328 (1957). In the absence of any authority supporting the plaintiff's argument, I see no reason to conclude that the reliance of these courts on general principles of contract law in determining the applicability of section 14706 is erroneous.

█ The plaintiff next argues that his claim "is more like a negligence action than a contract action" and that as a result Noyes should be held liable for its own actions that caused his damages. Plaintiff's Memorandum at 5. The remedy provided by the Carmack Amendment preempts all state-law causes of action that might affect the ground of recovery. *Rini*, 104 F.3d at 506. The plaintiff's argument might nonetheless carry some persuasive weight if no other remedy were available to him, but the Carmack Amendment makes clear that the plaintiff had a remedy against United that was available as soon as he suffered the damage that he claims in this action. The Carmack Amendment defines the limits of the plaintiff's claim and his potential recovery, as he recognized in basing his complaint on it, and the only case law interpreting that statute under circumstances similar to those present here concludes that the liable party is the carrier that issues the bill of lading or contracts with the shipper, not the carrier's household goods agent.

█ Finally, the plaintiff contends that he was not "fully aware" that Noyes was United's agent, citing his deposition testimony that he "engaged" Noyes to move his household goods. Plaintiff's Memorandum at 6; Plaintiff's Dep. at 22–23. However, the plaintiff cannot create a material

---

3. "Household Goods Agents" are defined at 49 C.F.R. § 375.14 to include "agents who are permitted or required under the terms of any agreement or arrangement with a principal carrier to provide any transportation service for or on behalf of the principal carrier, including the selling of or arranging for any transportation service ...." While this definition appears to fit Noyes under the circumstances of this case, it also does not necessarily exclude direct liability running from the agent to the shipper.

4. Maine has specifically adopted section 320 of the Restatement. *Mueller v. Penobscot Valley Hosp.*, 538 A.2d 294, 299 (Me.1988).

issue of fact by contradicting his own earlier sworn statement, Notice of Claim ¶ 1, that he contracted with United "through its agent" Noyes. *Colantuoni v. Alfred Calcagni & Sons, Inc.,* 44 F.3d 1, 4–5 (1st Cir.1994). In addition, he also testified at his deposition that he learned "many, many years ago" that Noyes was an agent for United, Plaintiff's Dep. at 23; and the documents signed by the plaintiff make clear that United was moving his household goods. A party's willful blindness to obvious and open facts cannot create a disputed issue of material fact, particularly when the issue is not whether the plaintiff perceived Noyes to be United's agent but whether that fact was disclosed. *See generally Valkenburg, K.-G. v. S.S. Henry Denny,* 295 F.2d 330, 333 (7th Cir.1961) (bill of lading disclosed principal). There is no question, based on the summary judgment record, that the relationship between Noyes and United was disclosed in this case.

### IV. Conclusion

For the foregoing reasons, I recommend that the defendant's motion for summary judgment be **GRANTED.**

### *NOTICE*

*A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, within ten (10) days after being served with a copy thereof. A responsive memorandum shall be filed within ten (10) days after the filing of the objection.*

*Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.*

March 17, 2000.