Linda RANDALL, Plaintiff,

v.

John E. POTTER, Postmaster General,
United States Postal Service,
Defendant.

No. CV–03–135–B–W.

United States District Court,
D. Maine.

Feb. 9, 2005.

Arthur J. Greif, Gilbert & Greif, P.A., Bangor, ME, Martha S. Temple, Temple Law Offices, PA, Hampden, ME, Julie D. Farr, Gilbert & Greif, P.A., Bangor, ME, for Linda L. Randall, Plaintiff.

David R. Collins, Office of the U.S. Attorney, District of Maine, Portland, ME, for Postmaster General, Defendant.

## ORDER DENYING PLAINTIFF'S MOTION TO STRIKE

WOODCOCK, District Judge.

With her Response in Opposition to the Postal Service's Motion for Partial Summary Judgment, Plaintiff Linda L. Randall filed a Motion to Strike fifteen of Defendant Postal Service's Statement of Undisputed Facts Including Material Facts. Ms. Randall's objections are not well founded and this Court DENIES her motion in its entirety.[1]

1. The motion to strike has become the evil twin of the motion for summary judgment. Despite admonitions from the bench and a notable lack of success, counsel seemed compelled to file motions to strike in response to motions for summary judgment, positing every conceivable objection to the opposing party's statement of material fact. There are several reasons this motion practice frustrates, rather than enhances the resolution of the substantive motion. First, the motion to strike is filed in the face of the court's obligation to view the evidence in a light most favorable to the non-moving party. Once the respondent has raised a genuine issue of material fact, a motion to strike is superfluous. Second, the motion to strike is in derogation of the local practice, which allows objections in the party's response. Third, this corollary motion practice seems to generate objections that experienced counsel would be loathed to raise before the court at an evidentiary hearing and, if raised, would be speedily dispatched. Although the motion to strike remains available for the extraordinary case,

## I. DISCUSSION

### A. Ms. Randall's Failure to Comply With Local Rules 7 and 56

█ Responding to the Postal Service's Motion for Partial Summary Judgment, Ms. Randall filed a Motion to Strike Defendant's Statement of Undisputed Facts Including Material Facts ("Statement of Material Facts"). However, instead of responding to each statement while preserving her objection, Ms. Randall has elected only to object and not respond. She allows she will respond "in the event [the Motion to Strike] is denied." (Pl.'s Resp. to Def.'s Statement of Undisputed Facts and Statement of Additional Facts, at 1 n. 1 (Docket # 23)).

This procedure is contrary to Local Rules 7(b) and 56(c). Local Rule 7(b) requires the non-movant to respond "within twenty-one (21) days after the filing of a motion." Local Rule 56(c) requires the respondent to "admit, deny or qualify the facts." By failing to admit, deny or qualify the movant's facts, Ms. Randall has effectively attempted to extend the time within which to respond to the Postal Service's Statement of Material Facts. Ms. Randall's contemplated procedure would require the court to rule first on her Motion to Strike and then allow her additional time within which to respond.

This inappropriate procedure contains its own sanction.[2] Ms. Randall's failure to timely respond to the Postal Service's Statement of Material Facts runs the risk the Motion to Strike will not be granted.

If so, the fact is deemed admitted, because facts "shall be deemed admitted unless properly controverted," and she has failed to respond. D. Me. Loc. R. 56(e); *see O'Donnell v. Earle W. Noyes & Sons*, 98 F.Supp.2d 60, 61 n. 1 (D.Me.2000).

### B. General Objection: Ms. Randall's Claim the Postal Service Failed to Comply with Local Rule 56(b)

Ms. Randall objected generally to the Postal Service's Statement of Material Facts on the grounds that it has "more than one assertion ... contained in each paragraph, the statement is neither short nor concise, and the statement contains subject headings throughout and contains 22 footnotes, which are not set forth in 'separately numbered paragraphs.'"[3] (Pl.'s Mot. to Strike at 2 (Docket # 21)). This Court overrules Ms. Randall's general objections.

#### 1. One Assertion Per Paragraph

█ To the extent there is any confusion, the requirement of "separately numbered paragraphs" does not mean each paragraph must contain only one sentence. The Postal Service's statements do not violate Local Rule 56(b).

#### 2. Short and Concise

█ Motions for summary judgment on employment discrimination cases are commonly fact intensive. To determine whether out of time events should be considered a continuing violation requires the court to address "who, what, and how of-

---

this is one weapon in the strategic arsenal that is more effective when used sparingly.

2. In this case, it is not much of a sanction, since Ms. Randall could not for the most part have denied in good faith the facts set forth in Defendant's Statement of Material Facts to which she interposed objections.

3. Randall also objects to the Postal Service's pleadings because they are single spaced in violation of Local Rule 10, which requires that all papers filed with the court "shall be typed double-spaced or printed on 8-1/2 × 11 inch paper." D. Me. Loc. R. 10. The Postal Service concedes that its pleadings violated this local rule.

ten" questions. *See, e.g., Nat'l R.R. Passenger Corp. v. Morgan,* 536 U.S. 101, 122 S.Ct. 2061, 153 L.Ed.2d 106 (2002); *Harris v. Forklift Sys., Inc.,* 510 U.S. 17, 114 S.Ct. 367, 126 L.Ed.2d 295 (1993). In view of the issues, a statement of material fact of thirty-eight paragraphs is not excessive on its face. Furthermore, this Court has reviewed the Postal Service's submission and concludes it violated neither the letter nor the spirit of Local Rule 56(b). *See Stanley v. Hancock County Comm'rs,* 2004 ME 157 ¶ 7, 864 A.2d 169 (2004)("The Commissioners' motion was supported by a statement of material facts . . . containing 191 separate facts . . . ."). As the Postal Service points out, Ms. Randall's objection rings hollow in view of her counter-submission of thirty-nine responsive statements of material fact.

### 3. Subject Headings

■ Regarding headings in the Postal Service's Statement of Material Facts, headings, like captions, are not technically part of a pleading and only assist the reader to locate and place the asserted fact in its proper context. *Hoffman v. Halden,* 268 F.2d 280, 303 (9th Cir.1959), *overruled on other grounds by Cohen v. Norris,* 300 F.2d 24 (9th Cir.1962) ("[T]he caption of an action is only the handle to identify it . . . ."). Headings may have the additional advantage of assisting the proponent to avoid redundancy;[4] having reviewed the Postal Service's submission, this Court concludes there has been no inappropriate use of headings.

### 4. Footnotes

■ This Court agrees with Ms. Randall on the plethora of footnotes in the

Postal Service's Statement of Material Facts. Local Rule 56 does not contemplate the use of footnotes in statements of material fact and their profusion in the Postal Service's submission makes it awkward for Ms. Randall to respond and for this Court to review. Nevertheless, although the better practice is to avoid footnotes in statements of material fact, this Court declines to sanction what is not a matter of substance.

### C. Paragraphs Two Through Six: Hearsay; Unsupported By Record References; Not Properly Authenticated; Immaterial

■ In paragraphs two through six of its Statement of Material Facts, the Postal Service proffered evidence that when she was hired, Ms. Randall attended an orientation program, received training on sexual harassment, and was given a booklet that described the Postal Service's policies; that the Postal Service conducted annual training to prevent sexual harassment; that in 1998, it sent a national mailing to employees of a handbook on sexual harassment; that on March 15, 1999, Ms. Randall signed the "United States Postal Service Policy on Sexual Harassment"; and that the Postal Service posted EEO posters at the Hampden facility, describing employee rights and responsibilities.

■ Ms. Randall's objections are not well taken. The evidence is not hearsay under Rule 801(d)(2), and if hearsay, the evidence is: 1) a record of a regularly conducted business under Rule 803(6); 2) authenticated under Rule 901(a); or, 3) an

---

4. *Stanley v. Hancock County Commissioners,* 2004 ME 157 ¶ 7, 864 A.2d 169 (2004) recites that the statements of material fact not only contained 191 separate paragraphs, but also "several . . . repeated the same facts in vari-

ous forms two or more times." *Stanley,* 2004 ME 157, ¶ 7, 864 A.2d 169. If headings assist counsel to avoid such redundancy, this Court voices no objection.

admission under Rule 801(d)(2).[5] The Postal Service's sexual harassment policies and procedures anticipate a number of potentially material contentions.

## D. Hearsay Objections: Paragraphs 19 n. 12, 27, 27 n. 18, 29, 31, 31 n. 21, 36, and 37

### 1. Paragraph 19 n. 12: Mr. McNally's Statements

The Postal Service's footnote 12 states:

While Finkenberg initially did an investigation, then the District office (in Portland) sent another team of two investigators to the facility. (Z at 29:10–13). *McNally stated that plaintiff initiated a lot of the improper conversations* (Z at 27:4–8) *but never denied making inappropriate comments.* (Z at 28:3–5).

(Def.'s Statement of Undisputed Facts Including Material Facts ("DSMF") ¶ 19 n. 12 (Docket # 20))(emphasis added). Randall objected to the underlined portion of the statement "on the grounds it is hearsay."

Whether these statements are hearsay depends on their intended use. Fed.R.Evid. 801(c). In its response, the Postal Service states the McNally statements are not offered for the truth, [but] rather to explain, in part, Mr. Zedlitz's motivation to act in ¶ 19. (Def.'s Opp'n to Pl.'s Mot. to Strike at 6 (Docket # 31)). According to ¶ 19, Mr. Zedlitz was the Postal Service supervisor who eliminated Mr. McNally's supervisory authority and transferred him to Sorrento. This statement explains why he did so. (DSMF ¶ 19). Mr. McNally's disciplinary transfer to Sorrento is relevant to the "intervening action" issue under *Morgan*, 536 U.S. at 118, 122 S.Ct. 2061. Plaintiff's objection is overruled.

### 2. Paragraph 27: Mr. Zedlitz's Belief

In ¶ 27, the Postal Service states:

Plaintiff understood that Dyer received a two week suspension for this conduct. (L at 52:10–12). *Zedlitz initially erroneously believed that Dyer had encouraged Ken Carr to visit plaintiff in Greenbush* (see below) (D at 10:3–5;

---

5. Some of Ms. Randall's objections skate on thin legal ice. For example, Postal Service Statement of Material Facts ¶ 5 states that on March 15, 1999, Ms. Randall signed a document entitled "United States Postal Service Policy on Sexual Harassment." In conformance with Local Rule 56(b), the Postal Service supported its statement with a citation to the Declaration of Robin Stover and a copy of the policy in Attachment C. According to the Declaration, Ms. Stover herself conducted the June 10, 1996 orientation for new employees, which Ms. Randall attended. (Stover Decl. at 2–4). Ms. Randall acknowledged the date of the training with the initials "LR" and she signed her full name to the policy on March 15, 1999. (*Id.* at 4).

Noting that Ms. Stover "does not purport to have witnessed plaintiff signing that document" and "the mere existence of a signature on the document is not evidence that the signature is that of Linda Randall," Ms. Randall declares that the assertions made in these paragraphs are "not supported by the information contained in the declarations." (Pl.'s Mot. to Strike at 5–6).

Ms. Randall's objection is overruled. These records are admissible under Rule 803(6) "unless the source of information or the method or circumstances of preparation indicate lack of trustworthiness." Fed.R.Evid. 803(6); *see United States v. Boylan*, 898 F.2d 230, 257 (1st Cir.1990), *cert. denied*, 498 U.S. 849, 111 S.Ct. 139, 112 L.Ed.2d 106 (1990)(police personnel files admissible as business records). In the face of authenticating evidence from the person who taught the sexual harassment seminar, Ms. Randall is disputing, after all, whether the dated signature with her own name on her employer's sexual harassment policy is her own signature. If Ms. Randall has a good faith basis for contending she did not sign the document, she should have raised it. Counsel are urged to cut to the chase; to do otherwise diminishes an evidentiary objection to a mere quibble.

14:23–15:1; 23:22–24:1). Dyer was suspended from work in March, 2000, investigated, and then returned to the facility. (Zedlitz Dec at ¶ 8; Z at 40: 18–41:20).

(DSMF ¶ 27)(emphasis added). Ms. Randall objected to the underlined statement on the ground that it is hearsay and that Mr. Dyer is not competent to testify to what Mr. Zedlitz believed. In its response, the Postal Service clarifies that the statement, which it contends Mr. Zedlitz knew of his own personal knowledge, it not offered for the truth, but to explain why Mr. Dyer had been disciplined. Again, the Postal Service's statement of material fact is relevant to the "intervening action" issue under *Morgan* and Ms. Randall's objection is overruled.

### 3. Paragraph 27 n. 18: Mr. Finkenberg's Investigation

In ¶ 27 n. 18, the Postal Service states:

Finkenberg investigated these claims (Z at 41:9–10) and Zedlitz also spoke to Dyer who denied that he was soliciting negative information about plaintiff; rather, he said he was defending McNally and investigating the potential charges against him. (see Z at 43:2–13; 18–20; 44:2–5).

(DSMF ¶ 27 n. 18). Ms. Randall objected on hearsay grounds. The Postal Service has responded that these statements are not offered for the truth of the matter stated, but only to explain the basis for Mr. Zedlitz's decision to undertake or to forgo additional actions.

■ Ms. Randall claims that Mr. Dyer's actions were a continuing violation allowing her to use pre-October 2000 events to establish liability against the Postal Service. In response, the Postal Service has raised the "intervening action" issue under *Morgan.* The Postal Service's discipline of Mr. Dyer is directly relevant to the "inter-

vening action" issue and Ms. Randall's objection is overruled.

### 4. Paragraph 31: Ms. Randall's Reaction and Mr. Zedlitz's Follow Up

In ¶ 31, the Postal Service states:

Plaintiff said "that she knew she'd be coming back (to Hampden) eventually" (Z at 47:11–13). *Plaintiff was told that she would be assigned to work on tour 3 and, because she was then working during the day, she was not pleased.* (Z at 47:15–21). *Zedlitz had spoken with the former union president and vice-president who advised him that "things were back to normal" at the Hampden facility.* (Z at 51:16–24).

(DSMF ¶ 31)(internal citation omitted)(emphasis added). Plaintiff moved to strike both underlined statements on hearsay grounds. The Postal Service responded that the first statement is either an oral assertion or non-verbal conduct intended by Ms. Randall as an assertion, admissible as an admission under Rule 801(d)(2). The Postal Service says the second statement is not offered for the truth, but to explain Mr. Zedlitz's knowledge. This Court agrees with the Postal Service regarding the first statement. The record citation to Mr. Zedlitz's deposition confirms he was testifying from direct personal knowledge, arising from his dealings with Ms. Randall, and that her assertions, as described, are admissible under Rule 801(d)(2).

Regarding the second statement, Ms. Randall claimed that after her return to Hampden in October 2000, she complained to "the plant manager [Zedlitz], who is the highest ranking official at the Hampden facility" and she has therefore "established that the postal service had actual knowledge of the harassment to which [she] was being subjected on a daily basis." (Pl.'s

Mem. of Law in Opp'n to Def.'s Mot. for Summ. J. at 7 (Docket # 22)). The Postal Service's statements of material fact address Mr. Zedlitz's understanding of both why Ms. Randall was displeased upon returning to Hampden, namely a change of shift, and whether he had knowledge of ongoing harassment after her return. Ms. Randall cannot have it both ways: claiming the benefit of her assertions of Mr. Zedlitz's knowledge and objecting to the Postal Service's evidence that contradicts her contentions. Ms. Randall's objections to ¶ 31 are overruled.

### 5. Paragraph 31 n. 21: Tour 2

 In ¶ 31 n. 21, the Postal Service states:

Plaintiff was a PTF. (Z at 46:16–17). During the time plaintiff was in Greenbush, one of the unions had complained to Zedlitz that tour 2, perceived [b]y many employees as the preferred tour, was partially staffed with PTFs instead of regular employees with more seniority (Z at 48:4–14; 22–24). Zedlitz agreed with the union and thereafter all PTFs, including those who had not complained (Z at 49: 18–20), were reassigned to either tour 1 or tour 3 (Z at 14–24).

(DSMF ¶ 31 n. 21). Plaintiff objected on the ground of hearsay. The Postal Service responds that the statements are not hearsay, because under 801(c), they are not for the truth of the matter. Rather, the statements explain why, when Ms. Randall returned to work at Hampden, she was assigned to tour 3, not to the day shift. This evidence responds to Ms. Randall's contention that the actions of the Postal Service after October 2000 were a continuing violation of Mr. McNally's earlier harassment. Ms. Randall's objection is overruled.

### 6. Paragraphs 36 & 37: EEO Results

In ¶ 36, the Postal Service states:

On January 23, 2001, plaintiff contacted the EEO office for the first time. (Hylen Dec at ¶ 4). On July 19, 2001, plaintiff filed her EEO Complaint of Discrimination. (L at 96:7–12; Ex 2). *On September 4, 2001, the defendant partially dismissed those claims which predated the period of October 2000 because plaintiff failed to exhaust administrative remedies as to them, and no continuing violation had been established.* (Hylen Dec at ¶ 3 and Ex A at pp. 2–4). *Further, this decision considered that the plaintiff had constructive knowledge of the Postal Service's anti-sexual harassment policies.* (*Id.* at p. 4).

(DSMF ¶ 36)(emphasis added). In ¶ 37, the Postal Service states:

On May 28, 2003, the defendant issued the "Notice of Final Decision" (see Complaint at Ex A). After noting that plaintiff's complaints were investigated, a report issued, and that plaintiff had the option to request a hearing within thirty days, *id.*, the decision reviewed the relevant legal standards and concluded that plaintiff had failed to prove she was "subjected to discrimination as alleged . . ." (*Id.* at p. 7).

(DSMF ¶ 37). Ms. Randall moved to strike the underlined portions of ¶ 36 and all of ¶ 37 as inadmissible hearsay. She further asserted that the Postal Service's internal administrative findings are "not admissible evidence and are in no way binding on this court." (Pl.'s Mot. to Strike at 8). The Postal Service responded that it is not offering this information as substantive evidence, but only to demonstrate a procedural predicate for its Motion for Partial Summary Judgment.

Ms Randall's objections strike this Court as hyper-technical at best. Ms. Randall attached as Exhibit A to her Complaint a copy of the EEO's decision on her

administrative complaint; ¶ 37 makes reference to Ms. Randall's own Exhibit A. Regarding ¶ 36, the Postal Service has simply completed the record by referencing the EEO's earlier action, dismissing the portion of the Complaint that predated October 2000. Ms. Randall's objections are overruled.

### E. Objections to Paragraphs 35 and 38: Allegations in Complaint and Affirmative Defense

In ¶ 35, the Postal Service states:

Plaintiff's allegations as to what happened when she was transferred back to the Hampden facility in October 2000 until plaintiff stopped work in February 2001 are contained in the Complaint, see below at ¶ 38 and Complaint ¶¶ 18, 21–24.

(DSMF ¶ 35). In ¶ 38, the Postal Service states:

The one-count Complaint dated August 14, 2003, was filed on _____. Aside from the general denials, the Answer raises, *inter alia,* the following affirmative defense:

3. The Defendant exercised reasonable care to promptly prevent and correct any harassing conduct, and Plaintiff unreasonably failed to take advantage of any preventative or corrective opportunities provided by her employer to avoid harm.

(DSMF ¶ 38).

Ms. Randall objects to ¶¶ 35 and 38 on the ground that they are not statements of fact. She goes on to say: "The complaint, drafted by Plaintiff's counsel under rules of notice pleading, is not evidence." (Pl.'s Mot. to Strike at 8). She argues that in an "era of notice pleading, a complaint does not bind a client" and that the Postal Service has engaged in an "improper attempt ... to suggest that the universe of what happened after plaintiff's return to

the Hampden facility is set forth at paragraphs 18 and 21 through 24 of her complaint." (Pl.'s Reply Mem. in Supp. of her Mot. to Strike Def.'s Statement of Undisputed Material Facts at 4–5 (Docket # 34)). She makes the same assertion regarding the affirmative defense.

Turning to Ms. Randall's objection to the Postal Service's reference to the allegations in her Complaint, under Rule 56, the moving party is allowed to rely on pleadings to support its motion. Fed. R.Civ.P. 56(c)("The judgment sought shall be rendered forthwith if the *pleadings,* depositions ... show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."). To the extent Ms. Randall is objecting to the Postal Service's reference to her Complaint, the objection is frivolous.

To the extent she is objecting to the Postal Service's assertion in its statement of material fact that the allegations in her complaint are complete, this objection is overruled. Local Rule 56(c) allows the responding party to "admit, deny or qualify" the asserted facts. If, as appears to be the case, Ms. Randall is willing to admit that these paragraphs contained some, but not all her allegations of harassment following her October 2000 return to Hampden, a simple qualified response would have sufficed.

 Regarding the affirmative defense, the Postal Service is clearly clarifying that it has asserted, and not waived *Burlington Industries, Inc. v. Ellerth,* 524 U.S. 742, 765, 118 S.Ct. 2257, 141 L.Ed.2d 633 (1998) defenses. Ms. Randall technically may be correct that the Postal Service's assertion of an affirmative defense is not a statement of material fact, but even if this Court were to strike ¶ 38, Ms. Randall would not benefit. The affirma-

128

tive defense in the Answer would not be stricken. The Postal Service asserted the affirmative defense in its Answer and would be free to argue it in its prosecution of the motion.

The ancient maxim of equity applies to both objections: this Court will not "do or require the doing of a vain, useless, or futile thing." The objections are overruled.

## II. CONCLUSION

Plaintiff's Motion to Strike is DENIED.

SO ORDERED.