STATE OF MAINE                                      SUPERIOR COURT
WALDO, ss                                           CIVIL ACTION
                                                    DOCKET NOS. CV-05-003
                                                    *NM - WAL- 7/1*


ALICE GEARY,

                                                    ORDER ON THE DEFENDANTS
            Plaintiff                               MATTHEW CYR AND LORIE
                                                    STEVENS'S MOTION FOR
v.                                                  SUMMARY JUDGMENT

THE STANLEY MEDICAL
RESEARCH INSTITUTE,
et al.,

            Defendants


       Defendants Matthew Cyr and Lorie Stevens move for summary judgment on the

plaintiff's complaint.[1] The defendant Stevens argues that she did not cause any of the

alleged harm to the plaintiff. Both defendants argue that there is no private right of

action under the Uniform Anatomical Gift Act (UAGA); the defendants are immune

from liability based on negligent or reckless conduct; the plaintiff cannot raise an issue

of material fact regarding the elements of causes of action for interference with and

mutilation of a corpse, for negligent, reckless, or intentional misrepresentation, or for

reckless or intentional infliction of emotional distress. See Defs.' 9/21/06 Mem. at 1-2;

---

[1]     The defendants filed an 85-paragraph statement of undisputed material facts. The plaintiff
responded to the defendants' statement and filed her own 170-paragraph statement of additional material
facts. Neither submission constitutes a "short, and concise statement of material facts" as required by
Rule 56. See M.R. Civ. P. 56(h)(1) & (2); Stanley v. Hancock County Commissioners, 2004 ME 157, ¶ 29,
864 A.2d 169, 179 (court has discretion to deny motion for summary judgment if a "party submits an
unnecessarily long, repetitive, or otherwise convoluted statement of material facts that fails to achieve the
Rule's requirement of a 'separate, short, and concise' statement").
       The parties also incorporate "motions to strike" in their responses. See Randall v. Potter, 366 F.
Supp. 2d 120, 121 n.1 ("The motion to strike has become the evil twin of the motion for summary
judgment."); M.R. Civ. P. 56(i) (effective 4/2/07) ("Motions to Strike Not Permitted"). The analysis
required by Rule 56(h) renders a motion to strike unnecessary.

1

22 M.R.S.A. §§ 2901-2911 (2006). For the following reasons, the motion is granted in part and denied in part.[2]

## Count I: Violation of UAGA

There is no private right of action to enforce the UAGA.

## Count II: Negligence &
## Count VI: Negligent Infliction of Emotional Distress

The UAGA provides that a person who acts in good faith is not liable for damages "in any civil action." 22 M.R.S.A. § 2907(3). The definition of good faith under the UAGA requires that in order to be liable for damages in a civil action, the defendants must have acted "maliciously, possessed a design to defraud or to seek an unconscionable advantage over the plaintiff[], or acted out of something other than an honest belief . . . ." Carey v. New England Organ Bank, 843 N.E.2d 1070, 1083; 22 M.R.S.A. § 2907(3) (emphasis added). The good faith immunity "is designed for situations . . . where because of confusion, an organ is removed without genuine consent." Lyon v. United States, 843 F. Supp. 531, 536 (D. Minn. 1994); see Perry v. Saint Francis Hosp. and Medical Ctr., Inc., 886 F. Supp. 1551, 1564-65 (D. Kan. 1995) (hospital and harvester not entitled to summary judgment on negligence claim under Kansas UAGA).

## Proximate Cause: Defendant Stevens &
## Count III: Interference with and Mutilation of a Corpse

The plaintiff has raised genuine issues of material fact regarding whether any conduct by defendant Stevens was a proximate cause of plaintiff's damages[3] and

---

[2] The court incorporates into this order the orders dated June 8, 2007 in the Allen case on the defendants' motions for summary judgment, the order dated July 6, 2007 in the Geary case on the defendants SMRI and Torrey's motion for summary judgment, and the order dated November 21, 2005 in the Bourgoin, Grant, Howes, King, Leblanc, Marceau, and Monzingo cases on defendants SMRI and Torrey's motion to dismiss.

whether the defendants intentionally mistreated or improperly dealt with the body, prevented its proper burial, or interfered with the plaintiff's right to the body. See, e.g., Plaintiff's Statement of Additional Material Facts (PSAMF), ¶¶ 7, 8, 9, 10, 11, 33 (dates were changed on Q1), 134-136 (existence of three consents with ME numbers), 139, 147, 157; Defendants' Response to Plaintiff's Statement of Additional Material Facts (DRSAMF), ¶¶ 8, 9, 10, 11, 33, 139, 147, 157.

## Count IV: Negligent, Reckless, or Intentional Misrepresentation

The plaintiff has failed to raise genuine issues of material fact regarding the elements of a cause of action for misrepresentation. In her complaint, the plaintiff alleges that she gave no written or oral consent for any organ or tissue to be taken from Raymond Geary's body, that the defendants falsely stated to the Medical Examiner's Office that the plaintiff had consented, and organs and tissue were removed from Mr. Geary's body. See Plaintiff's Complaint, ¶¶ 16-24, 48-53; DSUMF, ¶ 79; PSOMF, ¶ 79; PSAMF, ¶¶ 34, 139, 151, 152; DRSAMF, ¶¶ 34, 139, 151, 152. There is no alleged misrepresentation on which the plaintiff relied. See Maine Eye Care Associates v. Gorman, 2006 ME 15, ¶ 19, 890 A.2d 707, 711; Rand v. Bath Iron Works Corp., 2003 ME 122, ¶ 13, 832 A.2d 771, 774.

## Counts V: Reckless or Intentional Infliction of Emotional Distress

The court will assume that the Law Court would recognize a cause of action based on the allegations in this case. See Gammon v. Osteopathic Hosp. of Maine, Inc., 534 A.2d 1282, 1285 (Me. 1987); Rubin v. Matthews Int'l Corp., 503 A.2d 694, 699 n.5 (Me. 1986); Restatement (Second) of Torts § 868 (1979). The court will also assume that the Law Court would allow a cause of action against persons and agencies other than

---

[3] The plaintiff has raised issues of fact regarding Mr. Cyr's instructions to have consents witnessed before submission to the Medical Examiner's Office, the defendant Stevens's witnessing the consents, and

3

those who performed the autopsy or directly handled the body. See, e.g., Burgess v. Perdue, 721 P.2d 239, 244 (Kan. 1986) (suits for interference with dead bodies allowed against persons or agencies other than those who actually performed the autopsy or directly interfered with the body).

The entry is

> The Defendants Cyr and Stevens's Motion for Summary Judgment is GRANTED on Counts I, IV, and VII of the Plaintiff's Complaint. Judgment is entered in favor of the Defendants Cyr and Stevens and against the Plaintiff on Counts I, IV, and VII of the Plaintiff's Complaint.
>
> The Defendants Cyr and Stevens's Motion for Summary Judgment is DENIED on Counts II, III, V, VI of the Plaintiff's Complaint.

Date: July 10, 2007

Nancy Mills
Justice, Superior Court

---

the submission of the consents to the Medical Examiner's Office.

STATE OF MAINE
WALDO, ss

SUPERIOR COURT
CIVIL ACTION
DOCKET NOS. CV-05-003

ALICE GEARY,

Plaintiff

v.

THE STANLEY MEDICAL
RESEARCH INSTITUTE,
et al.,

Defendants

ORDER ON THE DEFENDANTS THE
STANLEY MEDICAL RESEARCH
INSTITUTE AND DR. E. FULLER
TORREY'S MOTION FOR
SUMMARY JUDGMENT

Defendants the Stanley Medical Research Institute (SMRI) and Dr. E. Fuller

Torrey (Torrey) move for summary judgment on the plaintiff's complaint.[1] The

defendants argue that they did not violate the Uniform Anatomical Gift Act (UAGA),

that they acted in good faith and are not liable for damages in a civil action pursuant to

the UAGA, that they are not responsible for the conduct of other defendants, and that

they cannot be held vicariously liable for the conduct of the other defendants. See 22

M.R.S.A. §§ 2901-2911 (2006). For the following reasons, the motion is granted in part

and denied in part.[2]

---

[1] The defendants filed a 157-paragraph statement of undisputed material facts. The plaintiff responded to the defendants' statement and filed her own 150-paragraph statement of additional material facts. Neither submission constitutes a "short, and concise statement of material facts" as required by Rule 56. See M.R. Civ. P. 56(h)(1) & (2); Stanley v. Hancock County Commissioners, 2004 ME 157, ¶ 29, 864 A.2d 169, 179 (court has discretion to deny motion for summary judgment if a "party submits an unnecessarily long, repetitive, or otherwise convoluted statement of material facts that fails to achieve the Rule's requirement of a 'separate, short, and concise' statement").

The parties also incorporate "motions to strike" in their responses. See Randall v. Potter, 366 F. Supp. 2d 120, 121 n.1 ("The motion to strike has become the evil twin of the motion for summary judgment."); M.R. Civ. P. 56(i) (effective 4/2/07) ("Motions to Strike Not Permitted"). The analysis required by Rule 56(h) renders a motion to strike unnecessary.

[2] The court incorporates into this order the orders dated June 8, 2007 in the Allen case on the defendants' motions for summary judgment, the order dated July 6, 2007 in the Geary case on the defendants Cyr and Stevens's motion for summary judgment, and the order dated November 21, 2005 in

1

## Violation of UAGA

The plaintiff has raised genuine issues of material fact regarding whether the defendants violated the UAGA. See, e.g., Defendants' Statement of Undisputed Material Facts (DSUMF), ¶¶ 1, 2, 3, 5, 6, 13, 19, 20, 27; Plaintiff's Statement of Opposing Material Facts (PSOMF), ¶¶ 1, 2, 3, 5, 6, 13, 19, 20, 27; Plaintiff's Statement of Additional Material Facts (PSAMF), ¶¶ 7, 8, 9, 10, 11, 12, 15, 134, 138, 139; Defendants' Response to Plaintiff's Statement of Additional Material Facts (DRSAMF), ¶¶ 4, 5, 6, 139; 22 M.R.S.A. §§ 2902(3), 2904(5).

## SMRI Liability for Defendant Cyr

The plaintiff has raised genuine issues of material fact regarding whether SMRI is liable for the conduct of Mr. Cyr. See, e.g., PASMF, ¶¶ 83, 84, 85, 86, 87, 88, 89, 90, 91, 92, 93, 94, 95, 96, 97, 98, 99, 101, 102, 103, 104, 105, 106, 107, 108, 110 ("monitor", not "supervised"), 112, 113, 115, 116, 117, 118, 119.

## Good Faith

The plaintiff has raised genuine issues of material fact regarding whether the defendants acted in good faith.[3] See, e.g., PASMF, ¶¶ 7, 8, 9, 10, 11, 12, 15, 19, 20, 21, 22, 23, 24, 25, 26, 27, 33 (dates were changed on Q1), 34, 35, 36, 37, 38, 39, 40, 41, 42, 43, 44, 45, 46, 47, 48, 49, 50, 51, 53, 54, 55, 56, 57, 58, 59, 60, 61, 62, 63, 64, 65, 67, 68, 69, 70, 71, 72, 73, 133, 134-136 (existence of three consents), 138, 139, 147.

## Count I: Violations of the UAGA

There is no private right of action to enforce the UAGA.

---

the Bourgoin, Grant, Howes, King, Leblanc, Marceau, and Monzingo cases on defendants SMRI and Torrey's motion to dismiss.

[3] On this record, the defendants can claim the good faith defense. See, e.g., DSUMF, ¶¶ 1, 2 (based on personal knowledge); DRSAMF, ¶¶ 4, 5.

2

## Count II:  Negligence

The plaintiff has raised genuine issues of material fact regarding her claim of negligence.  See, e.g., DSUMF, ¶¶ 13, 19, 20, 27; PSOMF, ¶¶ 13, 19, 20, 27; PSAMF, ¶¶ 139, 140, 144, 150; DRSAMF, ¶¶ 139, 150; see also paragraphs specified in Violation of UAGA, SMRI Liability for Defendant Cyr, and Good Faith sections, above.

## Count III:  Interference with and Mutilation of a Corpse

The plaintiff has raised genuine issues of material fact regarding whether the defendants intentionally mistreated or improperly dealt with the body or prevented its proper burial or interfered with the plaintiff's right to the body.  See, e.g., DSUMF, ¶¶ 13, 19, 20, 27; PSOMF, ¶ 13, 19, 20, 27; PASMF, ¶¶ 139, 145, 146, 147; DRSAMF, ¶ 139.

## Count IV:  Negligent, Reckless, or Intentional Misrepresentation

The plaintiff has failed to raise genuine issues of material fact regarding the elements of a cause of action for misrepresentation.  In her complaint, the plaintiff alleges that she gave no written or oral consent for any organ or tissue to be taken from Raymond Geary's body, that the defendants falsely stated to the Medical Examiner's Office that the plaintiff had consented, and organs and tissue were removed from Mr. Geary's body.  See Plaintiff's Complaint, ¶¶ 16-24; DSUMF, ¶¶ 13, 19, 20, 25, 27; PSOMF, ¶¶ 13, 19, 20, 25, 27; PSAMF, ¶ 139; DRSAMF, ¶ 139.  There is no alleged misrepresentation on which the plaintiff relied.  See Maine Eye Care Associates v. Gorman, 2006 ME 15, ¶ 19, 890 A.2d 707, 711; Rand v. Bath Iron Works Corp., 2003 ME 122, ¶ 13, 832 A.2d 771, 774.

Further, the plaintiff has failed to raise an issue of fact regarding pecuniary damages.  See, e.g., PSAMF, ¶¶ 140, 141, 143.  Expert witness designations by counsel and deposition exhibits, without more, are insufficient record references.  See M.R. Civ. P. 56(c) & (h).

3

## Counts V and VI:   Reckless or Intentional and Negligent Infliction of Emotional Distress

The plaintiff has raised genuine issues of material fact regarding the claims for infliction of emotional distress.  See, e.g., DSUMF, ¶¶ 13, 19, 20, 27; PSOMF, ¶¶ 13, 19, 20, 27; PASMF, ¶¶ 139, 140 (except for last sentence), 144, 150; see also paragraphs specified in Violation of UAGA, SMRI Liability for Defendant Cyr, and Good Faith sections, above.

The entry is

> The Defendants SMRI and Torrey's Motion for Summary Judgment is GRANTED on Counts I, IV, and VII of the Plaintiff's Complaint.  Judgment is entered in favor of the Defendants SMRI and Torrey and against the Plaintiff on Counts I, IV, and VII of the Plaintiff's Complaint.
>
> The Defendants SMRI and Torrey's Motion for Summary Judgment is DENIED on Counts II, III, V, and VI of the Plaintiff's Complaint.

Date: July 9, 2007

Nancy Mills
Justice, Superior Court

4

ALICE GEARY  - PLAINTIFF
496 GREELEY ROAD
FREEDOM ME 04941
Attorney for: ALICE GEARY
C DONALD BRIGGS  - RETAINED 01/24/2005
BRIGGS & COUNSEL
815 COMMERCIAL STREET
ROCKPORT ME 04856


vs
THE STANLEY MEDICAL RESEARCH INSTITUTE - DEFENDANT
5430 GROSVENOR LANE  SUITE 200,
BETHESDA MD 20814
Attorney for: THE STANLEY MEDICAL RESEARCH INSTITUTE
PHILIP M COFFIN III - RETAINED
LAMBERT COFFIN RUDMAN HOCHMAN
477 CONGRESS STREET 14TH FLOOR
PO BOX 15215
PORTLAND ME 04112-5215


Attorney for: THE STANLEY MEDICAL RESEARCH INSTITUTE
BYRNE DECKER  - WITHDRAWN 06/22/2007
PIERCE ATWOOD
ONE MONUMENT SQUARE
PORTLAND ME 04101


E FULLER TORREY DR - DEFENDANT
C/O THE STANLEY MEDICAL RI, 5430 GROSVENOR LANE STE 200
BETHESDA MD 20814
Attorney for: E FULLER TORREY DR
THOMAS LAPRADE  - RETAINED
LAMBERT COFFIN RUDMAN HOCHMAN
477 CONGRESS STREET 14TH FLOOR
PO BOX 15215
PORTLAND ME 04112-5215


Attorney for: E FULLER TORREY DR
BYRNE DECKER  - WITHDRAWN 06/22/2007
PIERCE ATWOOD
ONE MONUMENT SQUARE
PORTLAND ME 04101


MATTHEW CYR  - DEFENDANT
81 SCHOOL STREET,
BUCKSPORT ME 04416
Attorney for: MATTHEW CYR
MICHAEL DUDDY  - WITHDRAWN 03/29/2005
KELLY REMMEL & ZIMMERMAN
53 EXCHANGE ST
PO BOX 597
PORTLAND ME 04112-0597

**DOCKET RECORD**

Attorney for: MATTHEW CYR
BRUCE HEPLER  - WITHDRAWN 07/12/2005
LAW OFFICE OF BRUCE W HEPLER
75 PEARL STREET
PO BOX 7486
PORTLAND ME 04112

Attorney for: MATTHEW CYR
MARK LAVOIE  - RETAINED
NORMAN HANSON & DETROY
415 CONGRESS ST
PO BOX 4600
PORTLAND ME 04112

LORI STEVENS  - DEFENDANT
82 SCHOOL STREET,
BUCKSPORT ME 04416
Attorney for: LORI STEVENS
JOSEPH W BAIUNGO  - WITHDRAWN
JOSEPH BAIUNGO ESQ
111A CHURCH ST
BELFAST ME 04915

Attorney for: LORI STEVENS
BRUCE HEPLER  - WITHDRAWN 07/12/2005
LAW OFFICE OF BRUCE W HEPLER
75 PEARL STREET
PO BOX 7486
PORTLAND ME 04112

Attorney for: LORI STEVENS
MARK LAVOIE  - RETAINED
NORMAN HANSON & DETROY
415 CONGRESS ST
PO BOX 4600
PORTLAND ME 04112

BLETHEN MAINE NEWSPAPER INC - INTERVENOR

Attorney for: BLETHEN MAINE NEWSPAPER INC
SIGMUND D SCHUTZ  - RETAINED 02/23/2006
PRETI FLAHERTY BELIVEAU PACHIOS & HALEY
ONE CITY CENTER
PO BOX 9546
PORTLAND ME 04112-9546


Filing Document: COMPLAINT                    Minor Case Type: OTHER CIVIL
Filing Date: 01/24/2005

## Docket Events:

01/25/2005 FILING DOCUMENT - COMPLAINT FILED ON 01/24/2005

01/27/2005 Party(s):  ALICE GEARY