Teresa MOORE

v.

LA HABRA RELOCATIONS, INC.;
Wheaton Van Lines, Inc.; Wheaton
World Wide Moving; and Automobile
Club of Southern California.

No. CV 06 369 DOC (RNBX).

United States District Court,
C.D. California.

Aug. 8, 2007.

Gregg S. Garfinkel and Amy W. Lewis, Stone Rosenblatt Cha, Woodland Hills, for La Habra Relocation.

CARTER, District Judge.

## PROCEEDING (IN CHAMBERS): ORDER GRANTING DEFENDANT LA HABRA'S MOTION FOR SUMMARY JUDGMENT

Before the Court is Defendant La Habra Relocation, Inc.'s ("La Habra") Motion for Summary Judgment ("Motion"). The Court finds the matter appropriate for decision without oral argument. Fed. R.Civ.P. 78; Local R. 7–15. Accordingly, the hearing set for August 13, 2007 is removed from the Court's calendar. After considering the moving papers and La Habra's Notice of Non–Receipt of Opposition, the Court hereby GRANTS the Motion.

On or about August 23, 2003, Plaintiff entered into a contract with Wheaton Van Lines, Inc. d/b/a Wheaton World Wide Moving (hereinafter referred to as "Wheaton")[1] to transport her furniture and furnishings from Orange County, California for delivery outside of California. On or

---

1. Wheaton was dismissed without prejudice on June 26, 2006 after Plaintiff failed to respond to the Court's Order to Show Cause re Dismissal for Lack of Prosecution.

about September 3, 2003, Wheaton delivered Plaintiff's household furniture and furnishings, but allegedly refused to release them until Plaintiff paid additional fees. On June 5, 2005, Plaintiff, proceeding in *pro per*, filed her Complaint in Orange County Superior Court, alleging that Wheaton's refusal to release her property breached the terms of contract and violated the federal Carmack Amendment[2] to the Interstate Commerce Act. La Habra subsequently removed the action to this Court. On June 12, 2006, the Court granted La Habra's motion to dismiss Plaintiff's state law claims, which are preempted by the federal Carmack Amendment. La Habra now moves for summary judgment as to the Carmack Amendment claim on the following grounds: (1) that Plaintiff's purported failure to file a written claim for damages with La Habra or Wheaton within nine months of the delivery date of her interstate shipment precludes her claim; and (2) La Habra, as a disclosed household goods agent for Wheaton, is not independently liable to Plaintiff.

Pursuant to Local Rule 7–9, Plaintiff Teresa Moore ("Plaintiff") was to serve and file her opposition on or before July 30, 2007. To date, the opposition has not been filed. Lack of familiarity with the Court's rules is not an acceptable excuse for untimely filing. *See* C.D. Cal. R. 83–2.2.2 (familiarity with Local Rules a prerequisite to admission to practice in the Central District). Noncompliance with the Local Rules not only prejudices the opposing party by limiting preparation time for opposing papers, it also interferes with the Court's ability to prepare for motion hearings. "The Court may decline to consider any memorandum or other paper not filed within the deadline set by order or local rule. The failure to file any required paper, or the failure to file it within the deadline, may be deemed consent to the granting or denial of the motion." C.D. Cal. R. 7–12.

■ La Habra's Motion, filed on March 28, 2007, was originally calendared for May 21, 2007. Despite the fact that discovery was unlikely to defeat summary judgment since Plaintiff's Carmack Amendment claim against La Habra fails as a matter of law, the Court granted Plaintiff's request for a Rule 56(f) continuance and continued the summary judgment hearing to August 13, 2007 to ensure that Plaintiff was able to conduct discovery prior to the hearing. Plaintiff therefore had four months from the Motion's filing date in which to prepare an opposition. The Court's May 23, 2007 Order ("May 23 Order"), granting the continuance, ordered Plaintiff to file her Opposition to La Habra's Motion on or before July 30, 2007 in compliance with the Local Rules. Thus, by failing to file a timely opposition, Plaintiff violated the Court's May 23 Order as well as the Local Rules. Accordingly, pursuant to Local Rule 7–12, the Court deems Plaintiff's failure to file a timely opposition as consent to granting the motion. The Motion is GRANTED.

■ The Court reaches the same conclusion on the merits because as previously outlined in the May 23 Order, Plaintiff's Carmack Amendment claim against La Habra fails as a matter of law.

La Habra has presented evidence that it is a household goods agent for the disclosed principal, Wheaton, such that it bears no liability for any alleged breach

---

**2.** In relevant part, the Carmack Amendment holds motor carriers liable for the acts and omissions of their agents: "Each motor carrier providing transportation of household goods shall be responsible for all acts or omissions of any of its agents which relate to the performance of household goods transportation services (including accessorial or terminal services) and which are within the actual or apparent authority of the agent from the carrier or which are ratified by the carrier." 49 U.S.C. § 13907.

of the bill of lading between Plaintiff and Wheaton to which La Habra was not a party. *See* 49 U.S.C. § 13907 (imposing liability on motor carrier, i.e. Wheaton, for the acts and omissions of its agent); *Seguros Banvenez, S.A. v. S/S Oliver Drescher,* 761 F.2d 855, 860 (2d Cir.1985) (concluding that agent is not liable if contract made on behalf of its principal is breached because "[w]hen an agent makes a contract for a disclosed principal, it becomes neither a party to the contract nor liable for the performance of the contract") (citing Restatement (2d) of Agency §§ 320, 328); *Taylor v. Mayflower Transit, Inc.,* 161 F.Supp.2d 651, 658 (W.D.N.C.2000) (as a matter of law, motor carrier's disclosed agent, who was not a party to bill of lading, could not be liable for damages arising out of any alleged breach); *O'Donnell v. Earle W. Noyes & Sons,* 98 F.Supp.2d 60, 63 (D.Me.2000) (applying general agency principles to Carmack Amendment claim to conclude that mover's disclosed agent was not liable for breach because agent did not become a party to the contract it made on behalf of the mover); *Werner v. Lawrence Transp. Sys., Inc.,* 52 F.Supp.2d 567, 568–69 (E.D.N.C.1998) (dismissing plaintiff's Carmack Amendment claim against agent because statutory language imposes liability on a motor carrier for its agent's acts and "case law holds that the agent of a disclosed principal cannot be held liable pursuant to a duly issued bill of lading contract"); *Nichols v. Mayflower Transit, LLC,* 368 F.Supp.2d 1104, 1109 (D.Nev.2003) (same). In support of its motion, La Habra has presented the bill of lading signed by Plaintiff, which identifies La Habra as Wheaton's agent and the agency agreement between Wheaton and La Habra. Exs. B and C to La Habra's Mot. for Summ. J.

May 23, 2007 Order Continuing Hearing on Def. La Habra's Mot. for Summ. J. (footnotes omitted). Thus, as an agent of the disclosed principal Wheaton, La Habra cannot be held liable for any alleged breach of the bill of lading as a matter of law.

For the reasons set forth above, La Habra's Motion for Summary Judgment is hereby GRANTED.

The Clerk shall serve this minute order on all parties to the action.