2007 ME 25

**CONSERVATORSHIP OF
ANTHONY D.G. Jr.**

Supreme Judicial Court of Maine.

On Briefs: Nov. 16, 2006.

Decided: Feb. 6, 2007.

Donna G.H., Bangor, for appellant.

Panel: SAUFLEY, C.J., and CLIFFORD, DANA, ALEXANDER, CALKINS, LEVY, and SILVER, JJ.

DANA, J.

[¶ 1] Donna G. H., conservator for her son, Anthony D.G. Jr., appeals a decision of the Penobscot County Probate Court (*Woodcock, J.*) denying her petition for withdrawal of funds from the minor's estate to bury his father. We vacate the judgment of the Probate Court.

## I. BACKGROUND

[¶ 2] Anthony Jr.'s father died on December 17, 2005. His body has remained in a local cemetery vault since his death. From his father, Anthony Jr. has inherited approximately $18,000 in life insurance proceeds, and because of his father's death, a monthly Social Security benefit of approximately $568.

---

[¶ 3] In March 2006, the Probate Court approved Anthony Jr.'s mother's petition that she be appointed the conservator for Anthony Jr.'s estate, subject to the condition that any withdrawals made by the mother during Anthony Jr.'s minority be made only upon written approval of a judge of the Penobscot County Probate Court.

[¶ 4] Consistent with that condition, in May 2006, the mother filed a petition to withdraw $7565 from the conservatorship estate to bury the father, stating that the request was made "per Anthony [ ] Jr.'s wishes for his father." The Probate Court denied the petition without explanation. Without requesting a hearing, the mother brought this appeal, stating "my son would be willing at the age of 16 to testify before the [C]ourt that these are his wishes and his wishes alone."

## II. DISCUSSION

[¶ 5] The *Maine Probate Code* governs the appointment and administration of conservatorships. *See* 18–A M.R.S. §§ 5–401 to 5–432 (2006). Once appointed by the court, the conservator becomes a fiduciary that must act solely in the interests of the minor. 18–A M.R.S. § 5–417; 18–B M.R.S. § 802(1) (2006). Generally, "[a] conservator may expend . . . income or principal of the estate without court authorization . . . for the support, education, care or benefit of the protected person. . . ." 18–A M.R.S. § 5–425(a); *see also* 18–A M.R.S. § 5–424. The court, however, may limit the powers of the conservator otherwise conferred by statute or previously conferred by the court, and may relieve the limitation at any time. 18–A M.R.S. § 5–426.

[¶ 6] We review the Probate Court's denial of a petition for withdrawal for an abuse of discretion. *See generally In re Walker,* 540 A.2d 468, 469–70 (Me.

1988) (the Court reviews for an abuse of discretion the Probate Court's order concerning a conservator's proposed sale of land).

[¶ 7] Neither the Probate Code nor the Rules of Probate Procedure set forth a specific process by which the Probate Court considers requests from conservators such as the one at issue here. The one-page, pre-printed form, that appears to have been issued by the Penobscot County Probate Court, on which the mother made her request, merely requires the applicant to set forth the reasons for the withdrawal. It does not provide any additional information regarding the degree of detail that should be provided or whether the applicant is expected to request a hearing or submit an affidavit in support of the request. Through affidavits or a hearing, the court can obtain information vital to a thoughtful consideration of the conservator's request, such as, in this case, the wishes of the minor and the reasonable costs of burial. It is difficult to see, in the absence of this information, how the Probate Court can determine whether the proposed withdrawal is in the best interest of the minor, as required by statute.

[¶ 8] In addition, in the absence of an explanation, conservators such as the mother are placed in the uneasy position of being left to guess why the Probate Court denied their petition. When a conservator's petition sets forth a reason that, when viewed in its most favorable light, may be consistent with the best interests of the beneficiary, the Probate Court exceeds the bounds of its discretion by denying the petition without explanation.

[¶ 9] Accordingly, we vacate the judgment of the Probate Court in this case and remand for further proceedings, which could include, at the discretion of the Probate Court, the scheduling of a case con-

ference [1] or a hearing on the petition, or an order directing the conservator to provide additional information in support of her request.

The entry is:

Judgment vacated. Case remanded to the Penobscot County Probate Court for further proceedings consistent with this opinion.

1. M.R. Prob. P. 16(a) recognizes that in formal probate proceedings, the court has the discretion to order a party to appear for a pretrial conference. Among the matters to be addressed at such a conference are any "further evidence or information in respect to the case" that the court may require a party to produce "and the date by which that is to be accomplished." M.R. Prob. P. 16(a)(13).