RECEIVED AND FILED

STATE OF MAINE
Oxford, ss.

MAR 1 9 2009

SUPERIOR COURT
Civil Action

OXFORD COUNTY SUPERIOR COURT
SOUTH PARIS, MAINE

WILDER K. ABBOTT,

Plaintiff

v.

Docket No.   OXF-RE-08-17
AMH - OXF - 3/19/2007

CHARLES H. ABBOTT and
WALTER H. ABBOTT,

Defendants

## ORDER

This real property action came before the court March 4, 2009 for oral argument on the plaintiff's motion for partial summary judgment with respect to defendants' counterclaim for punitive damages. Based on the parties' submissions, the court denies the motion. Also before the court is the plaintiff's motion for leave to file a second amended answer. The defendants do not object and the court grants the plaintiff's motion.

### Background And Procedural History

The plaintiff, Wilder K. Abbott, and the defendants, Walter K. Abbott and Charles H. Abbott, are brothers and owners of three parcels of real property in Rumford. The three parcels of property are referred to as (1) the Route 2 Parcel; (2) the Red Hill Swapped Parcel; and (3) the Red Hill Original Parcel. The parties obtained the three parcels as devisees under the will of Warren S. Abbott, their father.

Ultimately, the parties seek to partition their properties owned as tenants in common. While the plaintiff requests statutory partition, the defendants request that the court use its equitable powers of partition.

The plaintiff filed a complaint for partition on April 23, 2008. The defendants filed a two-count counterclaim on June 3, 2008. Count I seeks an equitable partition of the three properties. Count II pertains exclusively to the Route 2 Parcel. Located on the Route 2 Parcel is a building that was at one time a commercial building (the Building).

According to the counterclaim, the defendants wanted to sell the Route 2 Parcel. The defendants contend the plaintiff refused to sell or put the Building to any productive use, and that he caused it to be destroyed without their knowledge or consent. The defendants seek partition as well as compensable damages for the damage done to the Route 2 Parcel, punitive damages, and attorney fees and costs.

The Building on the Route 2 Parcel abuts real estate at 1082 Route 2 that the plaintiff acquired and conveyed to his wife, Alice M. Abbott, by deed dated August 23, 2004 (hereinafter the 1082 Property). The 1082 Property contains a farmhouse and is subject to easements held by the defendants that allow them to cross the 1082 Property to access the Route 2 Parcel. The Building on the Route 2 Parcel was vacant since the beginning of 2006 when the most recent tenant was removed through a forcible entry and detainer action prompted by extensive damage caused by the tenant.

The parties evidently had discussions over a period of years, beginning well before the tenant was evicted, about the future of the Building. It is undisputed that at a family gathering on June 30, 2007, the parties agreed to allow the Rumford Fire Department to conduct training exercises on the premises and burn the Building down in the process. The plaintiff has provided a copy of a waiver and release agreement (the Waiver Agreement) signed by all

2

parties permitting the Rumford Fire Department to use the property and destroy the Building.

While the defendants acknowledge that they signed the Waiver Agreement, they assert that they signed it conditioned on the plaintiff's oral agreement that the Route 2 Parcel would remain in the three brothers' names and the plaintiff would pay taxes on the Building and would pay the defendants for moving the easement on the 1082 Property. On August 16, 2007, when the defendants received a letter from the plaintiff's counsel insisting on full partition and making no mention of the oral agreement, the defendants claim they rescinded the Waiver Agreement and told the Fire Department to put its training activities on hold. Subsequently, on September 12, 2007, the Fire Department resumed using the Building only for training and did not burn or destroy the Building.

The defendants contend that by August 2007 there is no question that the plaintiff knew they had rescinded the Waiver Agreement, and were not consenting to have the Building destroyed. This argument rests mainly on a conversation between defendant Walter K. Abbott and the plaintiff in August of 2007, in which Walter told the plaintiff that he could not selectively adhere to only portions of their July 30 agreement.

Walter Abbott asserts that during another converstion he had with the plaintiff in October 2007, he pressed the plaintiff to acknowledge, and the plaintiff did eventually agree, that all three brothers owned the Building. According to the defendants, these communications were sufficient to put the plaintiff on notice of Defendants' position that the Waiver Agreement providing for the Building to be destroyed was rescinded.

3

The plaintiff responds that he did not know the Waiver Agreement was rescinded and that the defendants never told him they were rescinding the Waiver Agreement. He also says he did not know the defendants had directed the Fire Department not to destroy the Building.

The plaintiff asserts that sometime before either of the conversations, he had instructed Allan Gallant (Gallant), who serves as a caretaker for the properties, to clean up the debris and remove the Building once the Fire Department was done with its training activities. It is evidently undisputed that in late September 2007, the plaintiff told Gallant to hire a contractor, Dupuis and Sons, to remove what was left of the Building.

The defendants propounded a discovery request seeking documents pertaining to the plaintiff's financial records, asserting that the records are relevant to their punitive damages claim. At a discovery conference on November 19, 2008, the court deferred ruling on the discovery issue and directed that the issue of punitive damages be joined by means of a motion for partial summary judgment on that issue. Resolution of the motion determines the availability of discovery.

## DISCUSSION

### I. The Plaintiff's Motion for Partial Summary Judgment.

#### 1. Standard of Review.

Summary judgment is proper where there exist no genuine issues of material fact such that the moving party is entitled to judgment as a matter of law. M.R. Civ. P. 56(c); *see also Levine v. R.B.K. Caly Corp.*, 2001 ME 77, ¶ 4, 770 A.2d 653, 655. A genuine issue is raised "when sufficient evidence requires a fact-finder to choose between competing versions of the truth at trial." *Parrish v.*

4

*Wright*, 2003 ME 90, ¶ 8, 828 A.2d 778, 781. A material fact is a fact that has "the potential to affect the outcome of the suit." *Burdzel v. Sobus*, 2000 ME 84, ¶ 6, 750 A.2d 573, 575. "If material facts are disputed, the dispute must be resolved through fact-finding." *Curtis v. Porter*, 2001 ME 158, ¶ 7, 784 A.2d 18, 22. At this stage, the facts are reviewed "in the light most favorable to the nonmoving party." *Lightfoot v. Sch. Admin. Dist. No. 35*, 2003 ME 24, ¶ 6, 816 A.2d 63, 65.

Thus, to prevail on his motion, the plaintiff must establish that he is entitled to judgment as a matter of law on the defendants' counterclaim for punitive damages

### 2. Issue of Fact Regarding Plaintiff's Liability for Punitive Damages.

The Law Court's seminal case of *Tuttle v. Raymond*, 494 A.2d 1353 (Me. 1985) continues to govern the application of common law punitive damages. *Morgan v. Kooistra*, 2008 ME 26, ¶ 29, 941 A.2d 447, 455; *Rand v. Bath Iron Works Corp.*, 2003 ME 122, ¶ 15, 832 A.2d 771, 775. Punitive damages may be awarded only on proof of malice by clear and convincing evidence.[1] *See Shrader-Miller v. Miller*, 2004 ME 117, ¶20, 855 A.2d 1139, 1145; Tuttle v. Raymond, *supra*, 494 A.2d at 1363. Malice may be proved through evidence showing either that the other party acted with ill will toward the claimant or that the party's conduct was so outrageous that malice can be implied; malice is not established by a "mere reckless disregard of the circumstances." *Tuttle v. Raymond, supra* at 1361. Thus, punitive damages are not recoverable for gross negligence or reckless

---

[1] "In order to persuade a fact-finder by a clear and convincing standard of proof, the party with the burden must convince the fact-finder that the truth of the asserted factual contentions is 'highly probable.' *Batchelder v. Realty Resources Hospitality, LLC*, 2007 ME 17, ¶13 n.6, 914 A.2d 1116, 1121 n.6, *citing Taylor v. Comm'r of Mental Health & Mental Retardation*, 481 A.2d 139, 152 (Me. 1984).

indifference. *See Batchelder*, 2007 ME 25, ¶ 13, 914 A.2d at 1125; *DiPietro v. Boynton*, 628 A.2d 1019, 1025 (Me. 1993); *Spickler v. Key Bank of Southern Maine*, 618 A.2d 204, 207 (Me. 1992).

Thus, the issue devolves to whether the evidence presently of record, viewed in a light most favorable to the defendants, could support a factual finding by clear and convincing evidence that plaintiff acted with malice in causing the Building to be destroyed. If not, then plaintiff is entitled to judgment as a matter of law; otherwise, the issue must be resolved by the factfinder.

The plaintiff argues the defendants cannot meet the demanding standard for punitive damages. He asserts there is no credible evidence in the record showing he actually knew about the defendants' change of heart regarding the Waiver Agreement or the destruction of the Building when he hired the contractor to remove it.

The defendants' counter-argument runs as follows:

- Plaintiff knew they signed the Waiver Agreement based on the related oral agreements they claim he and they made.

- Soon after inducing the defendants to sign the Waiver Agreement, the plaintiff continued with his efforts to partition the property despite his promise that the property would remain in the three brothers' names, indicating he intended not to honor the Waiver Agreement.

- Plaintiff was on notice through conversations with Walter Abbott that defendants had withdrawn consent to have the Building destroyed, but went ahead with his plan to remove the Building.

- Plaintiff acted secretly in causing the Building to be destroyed, confirming his knowledge that he was acting contrary to defendants' wishes.

6

- Because the Waiver Agreement called for the removal of the Building only after the fire department had destroyed it, the plaintiff knew that his removal of the Building before it had been destroyed by a fire department training exercise was premature and contrary to the Waiver Agreement

Viewing these evidentiary assertions as it must, in a light most favorable to the defendants, the court cannot say that they could not support an award of punitive damages by a properly instructed jury, even by clear and convincing evidence. Such an award may well be unlikely, because the jury would have to resolve all inferences and disputed points in favor of the defendants, but this is not enough to deny the defendants an opportunity to present their evidence and argument to the jury.

The plaintiff's motion for partial summary judgment must be denied.

## CONCLUSION

It is hereby ORDERED as follows:

1. Plaintiff Wilder K. Abbott's motion for partial summary judgment as to the defendants' claim for punitive damages in Count II of their counterclaim is hereby denied.

2. Plaintiff's motion for leave to file a second amended answer is hereby granted, without objection.

Pursuant to M.R. Civ. P. 79(b), the Clerk is hereby directed to incorporate this order by reference in the docket.

DATED: March 19, 2009

A. M. Horton, Justice

7